UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff | ) ) ) |
| v. | )  CASE NO. 3:21-cv-00144-JRS-MPB |
| UNIVERSITY OF SOUTHERN INDIANA, | ) ) ) |
| Defendant | ) |

## PLAINTIFF'S MOTION TO STRIKE

Pursuant to Local Rule 5-11 and this Court's Order Granting Leave to Proceed Under Pseudonym (ECF No. 18), Plaintiff, by counsel, respectfully submits this Motion to Strike.

## BACKGROUND

Plaintiff has instituted the underlying action seeking relief from a Title IX proceeding undertaken by the Defendant, University of Southern Indiana ("USI"), based on an alleged sexual encounter with Jane Doe. (ECF No. 27.) Plaintiff has moved for a preliminary injunction to enjoin USI from imposing sanctions upon him that were the culmination of its Title IX grievance process. (ECF No. 33.)

Once Plaintiff's action was removed to this Court, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym ("Pseudonym Motion"). (ECF No. 15.) USI filed a Statement of Non-Opposition. (ECF No. 17.) The Pseudonym Motion was granted by this Court and ordered that "Plaintiff can proceed herein under the pseudonym 'John Doe' and that any filings herein

1

that contain Plaintiff's actual name shall and must be immediately sealed and shall and must remain under seal" (Order"). (ECF No. 18.)[1]

On November 3, 2021, USI filed its Brief in Opposition to Motion for Preliminary Injunction ("Brief"). (ECF No. 58.) USI's Brief contains language (i) personally identifying Plaintiff and (ii) information that, following a simple and short inferential chain, discloses Plaintiff's true identity. On November 4, 2021, Plaintiff's counsel informed counsel for USI that the Brief contained information protected by this Court's Order, and requested that USI take steps to remove the information from the Court's public docket. The Defendants refused.

Plaintiff seeks relief from this Court to prevent the unnecessary public disclosure of personally identifying information that could expose him to risk of harassment and violence. Plaintiff accordingly moves this court to (1) strike USI's Brief from the docket, (2) order USI to withdraw their Brief, (3) file a new Brief without the identifying information, and (4) further order USI to refrain from revealing Plaintiff's identity.

## ARGUMENT

Plaintiff's Pseudonym Motion sets forth that many of the underlying facts of this litigation constitute information of the utmost intimacy, and that if Plaintiff is identified, he is certain to face irreparable harm. (ECF No. 15 at 2.) Indeed, Plaintiff received multiple violent threats of physical harm and death threats during the social media firestorm occurring after social media posts were made accusing Plaintiff of sexual assault. (*See* ECF No. 27 at ¶¶ 54, 56.) A true and accurate copy of some of these violent threats are attached hereto as Exhibit 1. It is for

---

[1] Prior to Defendant's Notice of Removal, the Vanderburgh County Circuit Court entered an order identical to this Court's Order at ECF No. 18. (ECF No. 1-2 at 71.) In other words, when USI removed this case, Plaintiff had already been granted leave to proceed under pseudonym and maintain any documents bearing his name under seal.

this reason that Plaintiff is proceeding under the Pseudonym "John Doe" and seeks to keep information that discloses his true identity confidential.

For reasons only known to USI, the Brief is a clear attempt to disclose Plaintiff's identity. The Brief identifies Plaintiff by his true initials in a quote from sealed exhibit ECF No. 38-1. (ECF No. 58 at 6.) USI even identifies Jane Doe by her true initials. (ECF No. 58 at 6.) Citing to sealed exhibit ECF No. 35-1, the Brief also identifies the neighboring residence halls Plaintiff and Jane Doe lived in. (ECF No. 58 at 4.) USI further identifies Jane Doe's roommates and suitemates by their initials. (ECF No. 58 at 4.) The Brief also explains that Plaintiff and Jane Doe were "best friends" and "hung out daily." (ECF No. 58 at 4.)

These details are unnecessary to the disposition of this case and are immaterial to any issue or argument advanced by USI in its Brief. While the Brief may not directly disclose Plaintiff's actual, full name, the use of his true initials, taken together with all of the other circumstantial personal details included in the Brief, operates to reveal Plaintiff's identity in contravention to this Court's Order. USI is not a large school and it is highly unlikely that there exists any other individual with Plaintiff's same initials and the same personal history with the other individuals identified by the Brief.

USI has needlessly published information that exposes Plaintiff's identity. Since the initiation of this case in state court, Plaintiff has endeavored to keep his identity confidential while still presenting USI, the state court, and this Court with sufficient facts to consider his Motion for Preliminary Injunction. (*See* State Court Motion to Proceed Under Pseudonym and Order (ECF No. 1-2 at 63-66, 71); Motion for Leave to Proceed Under Pseudonym (ECF No. 15); Motion to Maintain Document Under Seal (ECF No. 66)).[2] USI's disclosure of this

---

[2] Should USI point to Plaintiff's inadvertent inclusion of personally identifying information in his initial state court pleadings, this oversight has been remedied per ECF No. 66. To the extent that USI otherwise specifically details this

3

information has the very real potential of subjecting Plaintiff to renewed harassment, death threats, and threats of physical violence.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this Motion and enter an order striking USI's Brief from the public docket, requiring USI to withdraw their Brief and file a new Brief without the identifying information, and further order USI to refrain from revealing Plaintiff's identity. A proposed order is supplied contemporaneously herewith.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

By: */s/ Kristen E. Hahn*
Robert L. Burkart, 16664-82
Keith W. Vonderahe, 21908-82
Matthew S. Koressel, 35276-49
Kristen E. Hahn, 36843-82
20 NW First Street, Ninth Floor
P. O. Box 916
Evansville, Indiana   47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089
rburkart@zsws.com
kvonderahe@zsws.com
mkoressel@zsws.com
khahn@zsws.com

---

admitted mistake, such as by reciting the paragraph number within the pleading where the mistake occurred, USI's intentional disclosure of Plaintiff's true identity becomes all the more clear.

## CERTIFICATE OF SERVICE

I certify that on November 5, 2021, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> William P. Kealey, Esq.
> wpk@stuartlaw.com
>
> Joseph H. Harrison III, Esq.
> jhh@stuartlaw.com
>
>
> */s/ Kristen E. Hahn*
> Kristen E. Hahn