UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:21-cv-00144-JRS-MPB |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO MAINTAIN UNDER SEAL, PLAINTIFF'S MOTION TO MAINTAIN UNDER SEAL, PLAINTIFF'S MOTION TO STRIKE, AND CLARIFYING COURT'S OCTOBER 8, 2021, ORDER**

There are several sealing issues before this Court. The Court clarifies its October 8, 2021, Order Granting Plaintiff Leave to Proceed Under Pseudonym ("Pseudonym Order"), **GRANTS IN PART** Defendant's *Motion to Maintain Under Seal* (Docket No. 64), **GRANTS IN PART** Plaintiff's *Motion to Maintain Document Under Seal* (Docket No. 66), and **DENIES** Plaintiff's *Motion to Strike* (Docket No. 67), **with leave to refile**.

### I.   PROCEDURAL OVERVIEW

Plaintiff, a nineteen-year-old sophomore at the University of Southern Indiana, has filed his Complaint seeking both monetary damages and injunctive relief alleging a procedurally flawed Title IX proceeding that, if not for the Temporary Restraining Order entered by the Vanderburgh Circuit Court and extended in this Court, would have resulted in his suspension from USI. Given the nature of the subject matter underlying Plaintiff's claims for relief, he pursued an unopposed request to proceed under pseudonym consistent with Local Rule 10-1. (Docket No. 15). The request was granted by the Court. The Court granted the motion (Docket No. 18) and directed "that any filings herein that contain Plaintiff's actual name shall and must be immediately sealed and shall and must remain under seal." (*Id.*).

## II.     LOCAL RULE REGARDING SEALING

The Court has a detailed, but relatively straightforward process to filing documents under seal in Local Rule 5-11(b). Generally, "[t]he clerk may not maintain under seal any document unless authorized to do so by statute, rule or court order." The procedure to file a document under seal is set forth in subpart (d), which provides:

> (1) To file a document under seal, a party must file it electronically as required under section 18 of the *ECF Policies and Procedures Manual* . . . In either case, the party must include a cover sheet as the first page for each document being filed under seal that must include:
>
> > (A) the case caption;
> >
> > (B) the title of the document, or an appropriate name to identify it on the public docket if the title cannot be publicly disclosed;
> >
> > (C) the name, address, and telephone number of the person filing the document; and
> >
> > (D) if a motion requesting that it be sealed does not accompany the document, identification of the statute, rule, or court order authorizing the document to be sealed. A protective order does not authorize a party to file a document under seal.
>
> (2) Unless the sealed filing is authorized by statute, rule, or prior court order (other than a protective order), a party filing a document under seal must contemporaneously:
>
> > (A) file a Motion to Maintain Document(s) Under Seal, and
> >
> > > (i)     if the filing party designated the subject information confidential, a Brief in support that complies with the requirements of subsection (e), and a redacted confidential portions blacked out) public version of a document that is being filed under seal; and/or
> > >
> > > (ii)    if the filing party did not designate the subject information confidential, an identification of the designating party(ies); and

>> (B) serve an unredacted and complete version of the document upon all counsel and pro se parties.
>
> (3) The designating party(ies) identified according to subsection (2)(A)(ii) must, within 14 days of service of the Motion to Maintain Document(s) under Seal, file a Statement Authorizing Unsealing of Document (or specific portions thereof) and/or a Brief in Support that complies with the requirements of subsection (e) and a redacted (confidential portions blacked out) public version of the document that was designated as confidential and filed under seal. If the designating party fails to file a supporting Statement or Brief, then the filing party must notify the court of that failure. The court may summarily rule on the (d)(2)(A) motion to seal if the designating party does not file the required Statement or Brief.

S.D. Ind. Local Rule 5-11(d). Subpart (e) of the rule provides that a brief in support must, among other requirements, identify "each specific document or portion(s) thereof that the party contends should remain under seal." The brief must detail "how the document satisfies applicable authority to maintain it under seal" and indicate "whether maintenance of the document under seal is opposed by any party." S.D. Ind. Local Rule 5-11(e).

### III. THE COURT'S OCTOBER 8, 2021, ORDER GRANTING LEAVE TO PROCEED UNDER PSEUDONYM

In this Court's Pseudonym Order it provided that "[A]ny filings herein that contain Plaintiff's actual name shall and must be immediately sealed and shall and must remain under seal." (Docket No. 18). The purpose of permitting immediate sealing was to allow the parties to comply with the pseudonym order by concealing Plaintiff's actual name immediately and without requiring another motion. The Court did not intend for its entry granting leave to proceed under pseudonym to permit the parties to file entire documents under seal, without appropriate redacted versions, merely because they revealed Plaintiff's actual name. For instance, many, if not most, of the documents immediately sealed in relation to Plaintiff's motion for preliminary injunction go to the heart of the issues that Plaintiff brings forth. The Court will need to rely on some or all

3

of these documents in order to address Plaintiff's claims in a publicly issued order. Thus, the Court cannot ignore the general rule that documents that influence or underpin a judicial decision should be open to the public. *Baxter International, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). While some sealing is necessary to maintain the pseudonym entry, wholesale sealing is inappropriate.

Thus, the Court **ORDERS** the parties to file **redacted, public** versions of any documents that have been filed under seal pursuant to the Court's Pseudonym Order and that have not otherwise been accompanied by a motion to seal. The parties may redact Plaintiff's actual name and the actual name of the Jane Doe. If either party desires redactions beyond these names or items that must otherwise be redacted pursuant to rule or statute, a separate motion to seal must be filed in accordance with Local Rule 5-11. The redacted, public versions and/or motions to seal must be filed by **November 29, 2021. This clarification to the Pseudonym entry applies to all filings moving forward.**

### IV.   DEFENDANT'S MOTION TO MAINTAIN DOCUMENT UNDER SEAL

Defendant's *Motion to Maintain Documents and Audio Recording Under Seal* (Docket No. 64) seeks to seal five exhibits it filed with its Brief in Opposition to Motion for Preliminary Injunction. Defendant cites the Pseudonym Order and/or the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, as authority for its sealing request. Defendant's request is **GRANTED IN PART AND DENIED IN PART**.

The request is **GRANTED** as to Exhibit A, which is a "Panel Hearing Audio Recording" that we can infer contains Plaintiff and Jane Doe's actual names that are not in a readily redactable form. As to the remaining exhibits, Defendant's request is **GRANTED IN PART**, to the extent that Plaintiff and/or Jane Doe's actual names appear in the documents, but **DENIED** as to the remainder of the document. Defendant does not explain nor is it obvious to the Court how

FERPA explicitly authorizes sealing of these documents, which are mainly emails to Plaintiff or Jane Doe. And a quick read of *Wolfe v. Schaefer*, 619 F.3d 782 (7th Cir. 2010) shows that the case and, especially the portion Defendant quoted without application, do not fit this case nor the sealing analysis. *Wolfe* involved a plaintiff that brought a federal constitutional right of privacy claim and did not involve sealing at all. With regards to sealing, the Seventh Circuit has said:

> In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal. *See generally Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002); *United States v. Ladd*, 218 F.3d 701 (7th Cir. 2000); *Citizens First National Bank v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999); *Ball Memorial Hospital, Inc. v. Mutual Hospital Insurance, Inc.*, 784 F.2d 1325 (7th Cir. 1986). *Cf. Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634 (7th Cir. 2002). As we remarked in *Union Oil* [*Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000)], many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.

*Baxter Intern., Inc.*, 297 F.3d at 546-47.

From a procedural standpoint, Defendant does not identify who is the "designating party," to allow this Court to understand whether an additional memorandum or appropriate redactions will be provided. Thus, Defendant's *Motion to Maintain Documents and Audio Recording Under Seal* is **GRANTED** as to Exhibit A (Docket No. 59) and **GRANTED** as to Exhibits C, D, E, and F, but only as to Plaintiff and Jane Doe's actual names. If either party desires redactions beyond these names or items that must otherwise be redacted pursuant to rule or statute, a separate motion to seal must be filed in accordance with Local Rule 5-11. The redacted, public versions and/or renewed motion to seal must be filed by **November 29, 2021**.

## V. PLAINTIFF'S MOTION TO SEAL

Next, Plaintiff has filed a *Motion to Maintain Document Under Seal* (Docket No. 66) Exhibits A (Plaintiff's original complaint) and B (State Court's record) to Defendant's Notice of Removal (Docket No. 1). (Docket No. 1-1; Docket No. 1-2). Plaintiff notes that the Circuit Court of Vanderburgh County marked the original complaint, which is included in both Exhibits A and B, as "confidential." Plaintiff indicates that under the Pseudonym Order these documents should be maintained under seal. Plaintiff notes that the original complaint is no longer the operative complaint in this matter as Plaintiff has filed an Amended Complaint. (Docket No. 27).

Plaintiff's motion is **GRANTED** as to Exhibit A, given that the entire complaint is reproduced in Exhibit B. Plaintiff's motion is **GRANTED IN PART** as to Exhibit B. Plaintiff indicates that the original complaint was "confidential" in Vanderburgh Circuit Court. It is unclear if "confidential" means sealed, in whole, or just redacted for anonymity, but otherwise part of the public docket. Regardless, Plaintiff makes no representations that other portions of the state court's record were sealed, particularly the Temporary Restraining Order, which the parties have agreed to enforce until there is a ruling on the pending, but not fully briefed, preliminary injunction motion. Thus, Exhibit B may be sealed, but only as to Plaintiff and Jane Doe's actual names. If either party desires redactions beyond these names or items that must otherwise be redacted pursuant to rule or statute, a separate motion to seal must be filed in accordance with Local Rule 5-11. The redacted, public versions and/or motions to seal must be filed by **November 29, 2021**.

## VI. PLAINTIFF'S MOTION TO STRIKE

Finally, Plaintiff has filed a *Motion to Strike* (Docket No. 67) citing Local Rule 5-11 and this Court's Pseudonym Order because, as Plaintiff asserts, the Defendant's Brief in Opposition to Motion for Preliminary Injunction ("Defendant's Brief") contains language personally identifying

6

Plaintiff and that, via a short, inferential chain, discloses Plaintiff's true identity. (Docket No. 67 at ECF p. 2). Upon this motion's filing the Court provisionally sealed Defendant's Brief. Defendant opposes the request indicating it was "uncalled for." (Docket No. 68 at ECF p. 1).

A *Motion to Strike* is not the appropriate vehicle for Plaintiff to seek the relief that he requests. To the extent that Plaintiff relies on Rule 12(f) of the Federal Rules of Civil Procedure for the relief that he seeks, the courts have consistently held that Rule 12(f) may only be used to attack a *pleading*. *Renguette v. Bd. of School Trustees ex rel. Brownsburg Cmty. Sch. Corp.*, 2007 WL 1536841, at *5 (S.D. Ind. May 23, 2007) (collecting cases). Plaintiff may renew his request as a motion to seal Defendant's response brief. Plaintiff should ensure that the renewed request meets Local Rule 5-11, especially including subpart (e), which requires the movant to discuss each portion of the document he seeks to seal with specificity and including filing a proposed, public redacted version. Plaintiff should note that the Pseudonym Order permitted sealing Plaintiff's actual name and not necessarily identifying information that, via an inferential chain, could disclose Plaintiff's true identity. Finally, Defendant's response brief references a potential stipulation to seal both preliminary injunction briefs. A stipulation between the parties, by itself, is not a sufficient basis to permit sealing. *Baxter Intern., Inc.*, 297 F.3d at 545.

### VII. CONCLUSION

The Court **ORDERS** the parties to file **redacted, public** versions of any documents that have been filed under seal pursuant to this Court's Pseudonym Order and that have not otherwise been accompanied by a motion to seal. The parties may redact Plaintiff and Jane Doe's actual names. If either party desires redactions beyond these names or items that must otherwise be redacted pursuant to rule or statute, a separate motion to seal must be filed in accordance with Local Rule 5-11. The redacted, public versions and/or motions to seal must be filed by **November 29, 2021. This clarification to the Pseudonym entry applies to all filings**

**moving forward**. Defendant's *Motion to Maintain Documents and Audio Recording Under Seal* (Docket No. 64) and Plaintiff's *Motion to Maintain Document Under Seal* (Docket No. 66) are **GRANTED** as to Docket No. 1-1 and Docket No. 59 and **GRANTED IN PART** as to Docket No. 1-2, Docket No. 60, Docket No. 61, Docket No. 62, and Docket No. 63, but only as to Plaintiff and Jane Doe's actual names. Redacted, public versions of these documents and/or any request for further sealing under Local Rule 5-11 must be filed by **November 29, 2021**. Finally, Plaintiff's *Motion to Strike* (Docket No. 67) is **DENIED with leave to refile** as a motion to seal. Pursuant to Local Rule 5-11(g), the Clerk is **DIRECTED** to unseal Docket No. 58 twenty-one days after this Entry, unless a renewed motion is filed to maintain the document under seal.

    **SO ORDERED**.

    Dated: 11/12/2021

*[Signature]*
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

Jeffrey Wayne Hagedorn
HUBER, GOFFINET & HAGEDORN
jhagedorn@psci.net

Patrick David Murphy
MURPHY RICE  LLP
pmurphy@murphyrice.com

Charles P. Rice
MURPHY RICE, LLP
crice@murphyrice.com

G. Michael Schopmeyer
KAHN DEES DONOVAN & KAHN
mschopmeyer@kddk.com
Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Kristen Hahn
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
khahn@zsws.com

Joseph Heavrin Harrison, III
STUART & BRANIGIN
jhh@stuartlaw.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com