UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-00144-TWP-MPB |
| | ) | |
| UNIVERSITY OF SOUTHERN INDIANA, | ) | |
| | ) | |
| Defendant | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**
**TO MAINTAIN DOCUMENTS UNDER SEAL**

Plaintiff requests that the Court maintain under seal portions of two documents: page 6, lines 17-20 of USI's Brief (ECF No. 58); and the last paragraph of page 2 of USI's Response Exhibit (ECF No. 68-1). These portions of both documents contain language which easily allows for the identification of Plaintiff's true identity. While sealed filings are disfavored, the standard allowing for such favors is met in this case, and the aforementioned portions of documents should be maintained under seal.

**ARGUMENT**

While "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view," this presumption can be overridden by competing interests, such as when "there are compelling reasons of personal privacy." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal citations omitted). A party seeking to proceed under pseudonym is confronted with a similar presumption favoring the public identification of litigants. *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citing *Doe v. Ind. Black Expo*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)). Applying these standards in college disciplinary cases, courts have found that the same privacy interests that permits a party to proceed under a pseudonym are also sufficient to

1

overcome the general presumption in favor of public access to documents filed in federal courts. *See e.g.*, Order, *Doe v. Trs. of Ind. Univ.*, No. 1:21-cv-00973-JRS-MPB, 2021 U.S. Dist. LEXIS 131449 (S.D. Ind. April 27, 2021), ECF No. 23, (granting motion to seal documents containing "information that might allow someone to identify" the plaintiff Doe and witnesses (quoting Brief in Support of Motion to Seal, *Id.* at ECF No. 28); Order, *Doe v. Purdue Univ.*, No. 4:18-CV-72 JVB (N.D. Ind. Aug. 28, 2019), ECF No. 51 (modifying order granting leave to proceed under pseudonym and ordering that "[a]ny documents filed with the Court bearing . . . personal identification information must either be filed under seal or redacted"); *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) (granting motion to proceed under pseudonym and ordering the defendants from otherwise revealing the plaintiff's identity); *Doe v. Univ. of Notre Dame*, No. 3:1CV298-PPS/MGG, 2017 U.S. Dist. LEXIS 223299, at *11 (N.D. Ind. May 8, 2017) (granting motion to proceed under pseudonym and ordering that redaction be used to protect from otherwise disclosing true identities); *Unknown v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2021 U.S. Dist. LEXIS 93579, at *6-7 (D. Ariz. May 14, 2021) (granting motion to seal documents revealing anonymous plaintiff's identity, stating that "[t]he Court previously granted Doe's motion to proceed pseudonymously and the rationale underlying that order remains equally valid today"); *Doe v. Trs. of Dartmouth Coll.*, 2018 DNH 088 (granting plaintiff's motion to proceed under pseudonym and further ordering that "the parties shall . . . refrain from revealing their true identities"); *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7;18-cv-320, 2018 U.S. Dist. LEXIS 192932, at *13 (W.D. Va. Nov. 13, 2018) (granting motion to proceed under pseudonym and requiring all documents that contain "other identifying information of plaintiff" be redacted or filed under seal); *Doe v. Univ. of the S.*, No. 4:01-cv-62, 2011 U.S. Dist. LEXIS 35166, at *30-31

(E.D. Tenn. Mar. 31, 2011) (granting motion to seal documents containing "personally identifiable information" pursuant to order granting motion to proceed under pseudonym).

Where information is not relevant to the disposition of the case however, the presumption of public access does not apply. *Goesel*, 738 F.3d at 833 (7th Cir. 2013) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *see also* Order, *Whole Women's Health All. v. Hill*, No. 1:18-cv-01904-SEB-MJD (S.D. Ind. Jan. 16, 2020), ECF No. 244 ("because the information in question is not relevant to any judicial action, there is nothing against which to weigh the risk of harm identified by Plaintiffs").

Quoting from two sealed exhibits, USI's Brief and Response Exhibit use Plaintiff's and Jane Doe's true initials. (ECF No. 58 at 6; ECF No. 68-1 at 2). Taken together with all of the other circumstances of the case, these portions of the documents operate to reveal Plaintiff's identity. The Brief also identifies by name the neighboring residence halls Plaintiff and Jane Doe lived in, and identifies Jane Doe's roommate and suitemates by their initials. (ECF No. 58 at 4). USI is not a large school; there are only four residence halls and those halls are limited to USI freshman. *Residence Halls*, USI, https://www.usi.edu/housing/housing-options/residence-halls/. It is virtually impossible that there exists any other individual with Plaintiff's same initials, the same extensive personal history with the other individuals identified by the Brief, and who lived at the same residence hall during their 2019-2020 freshman year. The revelation of Plaintiff's identity through the use of his and Jane Doe's true initials undermines this Court's Order Granting Leave to Proceed Under Pseudonym and supports maintaining the relevant portions of the documents under seal.

The same personal interests that justified granting Plaintiff's Pseudonym Motion also demonstrate good cause to maintain the portions of USI's Brief and Response Exhibit which

disclose Plaintiff's true identity under seal. Plaintiff's Pseudonym Motion set forth that many of the underlying circumstances of this case constitute information of the utmost intimacy, and that if Plaintiff is identified, he is certain to face irreparable harm. (ECF No. 15 at 2). Indeed, Plaintiff received numerous violent death threats and threats of physical harm during the social media firestorm occurring after social media posts were made accusing Plaintiff of sexual assault. (*See* ECF No. 27 at ¶¶ 54, 56). A true and accurate copy of some of these violent threats are attached hereto as Exhibit 1. Furthermore, once Plaintiff's true identity is revealed, it is unlikely that less restrictive alternatives, such as a protective order or sealing of other particular filings, would discourage further harassment and violent threats. *See Doe v. Purdue Univ.*, No. 4:18-CV-89-JEM, 2019 U.S. Dist. LEXIS 66718, at *8 (N.D. Ind. Apr. 18, 2019).

Moreover, these details are unnecessary and irrelevant to the disposition of this case and are immaterial to any issue or argument advanced by USI in its Brief. Because the details in question are irrelevant, there is no public interest against which to weigh the very real harm that Plaintiff has identified should his identity be revealed. *Goesel*, 738 F.3d at 833; *Baxter Int'l, Inc.*, 297 F.3d at 545; Order, *Whole Women's Health*, No. 1:18-cv-01904-SEB-MJD, ECF No. 244. Thus, there is no reason why the portions of USI's Brief and Response Exhibit that disclose Plaintiff's identity should not be sealed and replaced with the redacted versions provided by Plaintiff.

Finally, counsel for USI rejected Plaintiff's request to withdraw and refile the brief without the identifying information but preliminarily proposed a stipulation to seal the parties' briefs. Of course, a stipulation between the parties is an insufficient basis to permit sealing, but USI's proposition of one indicates that USI is not entirely opposed to maintaining under seal the portions of the documents identified by Plaintiff.

## CONCLUSION

For the foregoing reasons, the portions of USI's Brief and Response Exhibit specifically identified by Plaintiff should be maintained under seal.

                                        Respectfully submitted,

                                        ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

                                        By: */s/Matthew S. Koressel*
                                               Robert L. Burkart, 16664-82
                                               Keith W. Vonderahe, 21908-82
                                               Matthew S. Koressel, 35276-49
                                               Kristen E. Hahn, 36843-82
                                               20 NW First Street, Ninth Floor
                                               P. O. Box 916
                                               Evansville, Indiana   47706-0916
                                               Phone: (812) 424-7575
                                               Fax: (812) 421-5089
                                               rburkart@zsws.com
                                               kvonderahe@zsws.com
                                               mkoressel@zsws.com
                                               khahn@zsws.com

## **CERTIFICATE OF SERVICE**

I certify that on November 29, 2021, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        William P. Kealey, Esq.
                                          wpk@stuartlaw.com

                                      Joseph H. Harrison III, Esq.
                                            jhh@stuartlaw.com

                                      */s/Matthew S. Koressel*
                                      Matthew S. Koressel