UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:21-cv-144-TWP-MPB |
| ) | |
| UNIVERSITY OF SOUTHERN ) | |
| INDIANA ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT USI'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE MATTERS FROM PLAINTIFF'S AMENDED COMPLAINT**

Defendant University of Southern Indiana ("USI"), by counsel, replies to Plaintiff John Doe's opposition [DE 104] to USI's Motion to Strike [DE 83] matters from his Amended Complaint [DE 27]:

John does not cite any authority that green-lights a 71-page allegation of a single cause of action. By silence, John concedes that "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Wright & Miller § 1217, at 169 (2d ed. 1990). John is also silent on the holding in *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930 (S.D. Ind. 2012), that the standard for decision is whether USI's Motion to Strike will "help[] to relieve unnecessary clutter from a case and thus serves to expedite matters." *Id*. at 944. John does not dispute that this is not a negligence case, a contract case, a constitutional case, an administrative law case, or a defamation case. John does not dispute that he has not alleged a race claim. Undisputedly, none of those topics belong in a complaint in this case in this Court.

John's sole cause of action is limited to alleged anti-male bias in the "university's

1

***decision*** to discipline a student". *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019) (emph. added). Thus, John's Title IX cause of action *begins* with the conduct of the decision-makers, i.e., those who decided the weight of the evidence.

The Amended Complaint does not allege any conduct of the "Decision Makers" until Paragraph 208: "On August 4, 2021, the Decision Makers conducted the Hearing by Zoom". John alleges that the decision issued on August 25, 2021. DE 27, ¶ 264.

Ignoring the *Doe v. Purdue* standard, John argues: "Plaintiff challenges the entirety of USI's Title IX process, including the actions of the various personnel involved in carrying out that process; all advancing gender bias against him." DE 104 at p. 3. There is no cause of action under *Doe v. Purdue* to litigate the "entirety of USI's Title IX process". Hundreds of paragraphs regarding "process" steps (performed by people who did *not* decide the evidence) are clutter because the "process" is not the "decision to discipline". The Amended Complaint directly admits this distinction. *See, e.g.,* DE 27, ¶¶ 207, 305-06.

John argues that USI is "dilatory" about answering the Amended Complaint. The docket shows otherwise. John's faulty pleading practices are undisputed. When USI moved to dismiss most of John's original five causes of action [DE 19], John did not contest the motion. Instead, he filed his Amended Complaint, which is limited to only one of the original five causes of action. USI's present Motion to Strike will not spare USI from answering a short and plain statement of John's single cause of action. *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) ("Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it.") (citing Wright & Miller § 1281, at 522).

One of the causes of action that John dropped from his original complaint was his theory of relief for "deliberate indifference". Yet the Amended Complaint persists in dressing up his

*Doe v. Purdue* claim as a "deliberate indifference" claim. Quoting regulatory guidance on the "deliberate indifference" standard, John makes the self-impeaching argument that (i) USI is a federal funding recipient "with actual knowledge of sexual harassment" and (ii) USI's "response to sexual harassment" of Jane must comport with federal regulations. DE 104 at pp. 6-7. John has never admitted that "sexual harassment" occurred. If John is now alleging that USI has "actual knowledge of sexual harassment" this case is effectively over.

John also argues that USI's preliminary injunction opposition concedes the relevance of John's narrative because USI has addressed that narrative in response to John's preliminary injunction motion. Obviously responding to alleged facts does not validate their materiality.

John's intemperate attorney-fee demand merits little discussion. USI has shown ample cause to address the Amended Complaint under Rule 12(f), and John does not cite any authority to shift fees in a Rule 12(f) dispute.

**Conclusion**

For these reasons, USI respectfully urges the Court to grant its Motion to Strike.

Dated: December 20, 2021

Respectfully submitted,

*/s/ William P. Kealey*
William P. Kealey (Attorney No. 18973-79)
Joseph H. Harrison III (Attorney No. 35248-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: 765-423-1561
Facsimile: 765-742-8175
Email: wpk@stuartlaw.com
         jhh@stuartlaw.com
**Attorneys for Defendant**
**University of Southern Indiana**

1436182v1