UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO. 3:21-cv-00144-TWP-MPB |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT
PRELIMINARY INJUNCTION EVIDENTIARY SUBMISSION**

In further support of Plaintiff's Verified Motion to Supplement Preliminary Injunction Evidentiary Submission ("Motion to Supplement"), Plaintiff, by counsel, states as follows:

**INTRODUCTION**

Within days of discovering recent social media posts on one of Jane Doe's social media accounts suggesting that she is no longer an enrolled USI student, Plaintiff filed his Motion to Supplement attaching said posts. The singular purpose of the present Motion is to provide the Court with all material evidence available for its consideration when ruling on Plaintiff's Motion for Preliminary Injunction. Rather than simply confirming or denying Jane's enrollment status, USI's Response in Opposition (i) raised evidentiary objections, (ii) argued that Jane Doe's enrollment status is "immaterial to the public interest element of a preliminary injunction," and (iii) inexplicably cast an aspersion that John Doe "is presently unfit to be in the USI campus community, regardless of Jane Doe's enrollment status." [ECF No. 122]. USI's arguments are unpersuasive, and its duty of candor requires it to inform the Court of any change in Jane Doe's enrollment status as a USI student.

1

## ARGUMENT

**1. USI's evidentiary objection can be easily addressed.**

Counsel for USI "ha[s] a continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation." *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067-68 (7th Cir. 2000) (citing *Bd. of License Comm'rs v. Pastore*, 469 U.S. 238, 240 (1985)). Moreover, "the Federal Rules of Civil Procedure place a duty of candor on parties. That is enforced on pain of sanctions." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 945 (N.D. Ill. 2021) citing Fed. R. Civ. P. 11(b), (c), Notes of Advisory Committee on Rules – 1983 Amendment.

USI can resolve its evidentiary challenge by informing the Court as to Jane Doe's current enrollment status at USI. Of the parties to this litigation, USI solely possesses this information, and it can communicate such information confidentially to Plaintiff and the Court. To the extent USI does not intend to voluntarily disclose this material fact, this Court can further grant John Doe's Motion to Expedite Discovery, filed contemporaneous herewith, which seeks to serve a single interrogatory to USI asking of Jane Doe's enrollment status at USI. Such will ensure the Court has all material facts before it when ruling on the preliminary injunction motion.

The only evidence currently available to Plaintiff regarding Jane Doe's enrollment status are publicly available posts from one of Jane Doe's social media accounts. The social media posts are *not* inadmissible hearsay. A statement offered not for its truth is, by definition, not hearsay. Fed. R. Evid. 801(c). The social media posts are not offered for the truth of any statements made by Jane Doe in the posts; they are offered to demonstrate that Jane Doe may be enrolled in a different educational institution and therefore cannot be currently enrolled at USI. Moreover,

USI's argument under Federal Rule of Evidence 901(a) is of little consequence as Exhibit 1 was properly authenticated by the affidavit of undersigned counsel.

> **2. USI has a duty of candor to the Court to ensure the accuracy of Jane Doe's enrollment status at USI.**

In prior submissions, both parties argued that the applicable preliminary injunction elements consider the effect, if any, that granting or denying the preliminary injunction would have on nonparty students of the educational institution, *e.g.*, Jane Doe. USI argued, "[r]evocation of John's permission to attend USI until 2023 addresses the risk of harm to students like Jane who are entitled to educational opportunity free from sexual harassment." [ECF No. 58-34]. Plaintiff also noted there was evidence indicating that Jane may no longer be on USI's campus. [ECF No. 51 at 51].[1] Thus, the parties agree that Jane Doe's enrollment status at USI is a material fact for the motion.

Therefore, any change in Jane Doe's enrollment status will necessarily bear on this Court's weighing of the factors. Plaintiff's Brief cited caselaw, holding under the facts of the cited case, that the grant or denial of the requested preliminary injunction would have no direct effect on the underlying complainant because she was no longer enrolled at the educational institution. [ECF No. 51 at 51-52]; *King v. DePauw Univ.*, No. 2:14-cv-70-WTL-DKL, 2014 U.S. Dist. LEXIS 117075, at *42-43 (S.D. Ind. Aug. 22, 2014). Moreover, recent guidance from the Seventh Circuit makes clear that where appropriate, the balancing process that the court undertakes at the preliminary injunction phase "should also encompass any effects that granting or denying

---

[1] USI's Brief in Opposition did not challenge the admissibility of Plaintiff's evidentiary submission of Jane Doe's social media post of September 20, 2021, suggesting her future absence from USI's campus. [ECF No. 43-1].

preliminary injunction would have on nonparties (something courts have termed the 'public interest'). *Cassell v. Snyders,* 990 F.3d 539, 545 (7th Cir. 2021).

Notably, USI argues that the "[t]he exhibits are immaterial to the **public interest element** of a preliminary injunction." [ECF No. 122 at 2, emphasis added.] USI, however, previously argued the effect on Jane Doe relates to the "balance of harms" element. [ECF 58 No. at 34]. Thus, USI's attempt to split element hairs is unavailing.

### 3. USI's aspersion has no relevance to the issue.

Rather than simply disclosing to the Court whether Jane Doe is still a USI student, USI thought it appropriate to respond with a vilification of a student currently enrolled at USI. "Plaintiff's refusal to accept responsibility for his misconduct shows that he is presently unfit to be in the USI campus community, regardless of Jane Doe's enrollment status." [ECF No. 122 at 2]. As Plaintiff has noted, both Title IX and USI's policy allow it to remove Plaintiff from campus if it believes he presents a threat to the health or safety of any student or other person. [ECF No. 51 at 21]. From Jane Doe's submission of her Title IX complaint in February 2021 to present, USI has allowed Plaintiff to remain a student and athlete. Casting an irrelevant and false aspersion against Plaintiff has no place in addressing the Motion to Supplement.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff leave to supplement his Motion for Preliminary Injunction.

                                      Respectfully submitted,

                                      ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

                                      By: */s/ Robert L. Burkart*
                                            Robert L. Burkart, 16664-82
                                            Keith W. Vonderahe, 21908-82
                                            Matthew S. Koressel, 35276-49
                                            Kristen E. Hahn, 36843-82
                                            20 NW First Street, 9th Floor
                                            P. O. Box 916
                                            Evansville, Indiana 47706-0916
                                            Phone: (812) 424-7575
                                            Fax: (812) 421-5089
                                            rburkart@zsws.com
                                            kvonderahe@zsws.com
                                            mkoressel@zsws.com
                                            khahn@zsws.com

## **CERTIFICATE OF SERVICE**

I certify that on January 26, 2022, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        William P. Kealey, Esq.        Joseph H. Harrison III, Esq.
        wpk@stuartlaw.com            jhh@stuartlaw.com

                                            */s/ Robert L. Burkart*
                                            Robert L. Burkart