UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO. 3:21-cv-00144-TWP-MPB |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant | ) |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff John Doe ("Plaintiff"), by counsel, hereby requests leave of the Court to conduct expedited discovery herein. In support of this Motion, Plaintiff states the following:

1. Plaintiff filed his Amended Complaint ("Amended Complaint") on October 18, 2021, and filed his Motion for Preliminary Injunction on October 20, 2021. [ECF Nos. 27 and 33, respectively]. As alleged in the Amended Complaint and argued in Plaintiff's Brief in Support of his Motion for Preliminary Injunction, a preliminary injunction is needed to preserve the status quo of the parties. [ECF No. 51].

2. Plaintiff's Motion for Preliminary Injunction has been fully briefed, and the parties participated in oral argument before the Court on December 17, 2021. Plaintiff's Motion remains pending at this time.

3. On January 19, 2022, Plaintiff filed his Verified Motion to Supplement Preliminary Injunction Evidentiary Submission ("Motion to Supplement") in which Plaintiff notified the Court of recent posts from one of Jane Doe's social media platforms indicating that she is no longer enrolled at USI, and incorporates the same herein. [ECF No. 117].

4. In its Response in Opposition, USI has challenged the admissibility of such social media posts. While Plaintiff argues the social media posts are admissible[1], Plaintiff seeks leave herein to expedite discovery to conclusively obtain the evidence possessed by USI as to whether Jane Doe is currently enrolled at USI.   [ECF No. 122].

5. Therefore, Plaintiff requests that the Court grant leave to conduct limited expedited discovery, and pursuant to Federal Rule of Civil Procedure 33(b)(2), order USI to answer Plaintiff's Interrogatory ("Interrogatory"), attached hereto as <u>Exhibit 1</u>, within two (2) days from entry of the Court's Order.

6. The Interrogatory is narrowly tailored and directly relates to the question of whether Jane Doe is currently enrolled as a student at USI, the answer to which is a material fact for purposes of the Court's consideration of the Motion for Preliminary Injunction.

7. The information requested is readily accessible to USI from records regularly kept in the course of USI's administration as an educational institution. The expedited discovery is not unduly burdensome.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and enter an order:

A. Requiring Defendant to provide the answer to the Interrogatory within two (2) days of the entry of an Order on this Motion; and

---

[1] *See* Plaintiffs Reply Brief filed contemporaneous herewith.

B.      Providing all other relief in favor of Plaintiff as this Court deems appropriate.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

By: */s/ Robert L. Burkart*
  Robert L. Burkart, 16664-82
  Keith W. Vonderahe, 21908-82
  Matthew S. Koressel, 35276-49
  Kristen E. Hahn, 36843-82
  20 NW First Street, 9th Floor
  PO Box 916
  Evansville, Indiana 47706-0916
  Phone: (812) 424-7575
  Fax: (812) 421-5089
  rburkart@zsws.com
  kvonderahe@zsws.com
  mkoressel@zsws.com
  khahn@zsws.com

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2022, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| William P. Kealey, Esq. | Joseph H. Harrison III, Esq. |
|---|---|
| wpk@stuartlaw.com | jhh@stuartlaw.com |

*/s/ Robert L. Burkart*
Robert L. Burkart

3