UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00144-TWP-MPB |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR STAY

This matter is before the Court on a Plaintiff's Verified Emergency Motion to Stay Pending Appeal and to Enjoin Defendant's Implementation of Sanctions as a Result of Entry Denying Plaintiff's Motion for Preliminary Injunction filed by Plaintiff John Doe ("John") (Filing No. 139). This action was initiated by John against Defendant University of Southern Indiana ("USI") after USI found John responsible for a conduct violation through USI's Title IX grievance process and sanctioned him to a three-semester suspension. On May 10, 2022, the Court denied John's Motion for Preliminary Injunction seeking to enjoin USI from imposing the suspension. (Filing No. 133.) John now seeks a stay of the Court's Order pending his appeal to the Seventh Circuit Court of Appeals and preventing USI from implementing his suspension. For the reasons stated herein, the John's Motion is **denied**.

### I.      LEGAL STANDARD

Requests for stay pending appeal are governed by Federal Rule of Civil Procedure 62(c), which provides that "[w]hile an appeal is pending from an interlocutory order . . . that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." This type of stay is

considered "extraordinary relief" and the moving party bears a "heavy burden of proof." *Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers).

A decision concerning a stay pending appeal is similar in nature to a decision granting or denying a preliminary injunction. Specifically, to make a stay determination, a court must consider: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" on appeal; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## II.     BACKGROUND

The background and underlying facts of this case are recounted in the Court's opinion denying Doe's Motion for Preliminary Injunction and are adopted for this Order. *Doe v. Univ. of S. Indiana*, No. 3:21-cv-144-TWP-MPB, 2022 WL 1471037, at *1 (S.D. Ind. May 10, 2022). No additional facts or evidence were relied on by the parties in briefing the current motion.

## III.    DISCUSSION

John argues for a stay and to enjoin USI from enforcement of his suspension because he contends that without it, he will lose his "good standing at USI," be prevented from attending USI for the Fall 2022 term, lose his future eligibility for his USI scholarships, and be unable to participate "in all USI activities, including athletics, prior to adjudication on the merits of his appeal." (Filing No. 139 at 2.) But under Rule 62, a threshold issue the Court must decide is whether John can demonstrate a likelihood of success on the merits and irreparable harm. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997) ("If the movant can make these threshold showings, the court then moves on to balance the relative harms considering all four

factors using a 'sliding scale' approach.") The Court reviewed John's likelihood of success and possibility of irreparable harm when it denied his preliminary injunction. In making his motion, John has offered no new evidence that was not already considered by this Court.[1]

After reviewing the Court's prior decision denying the motion for preliminary injunction, the Court does not believe John has shown a likelihood of success on the merits. While there remains the possibility that the Seventh Circuit could modify this Court's opinion regarding its factual findings or clarify which case law should have been relied upon, the Court sees no likelihood that its most crucial finding—that John failed to provide any evidence demonstrating gender bias or discrimination—will be overturned. Without any evidence of gender discrimination, there is no basis to support John's Title IX claim or his request for a preliminary injunction. The Court once again concludes that John has not shown a likelihood of success on the merits on appeal.

As for irreparable harm, John argues that, in addition to the above consequences, he "will be forced to seek transfer to another institution for the Fall 2022 term and to disclose USI's suspension for rape and forcible fondling." (Filing No. 139 at 2.) But as this Court has previously noted and USI raises in its response, speculative harm is not enough to meet John's burden. *See E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705-06 (7th Cir. 2005). Based on the record before this Court, John has provided no evidence that he has attempted to transfer schools, much less that his suspension or the reason for that suspension will appear on the records sent to that hypothetical transfer school. As John is unable to meet his threshold

---

[1] John waited until his reply brief to provide any argument regarding the potential success of his appeal on the merits. As the Seventh Circuit has made clear, "arguments raised for the first time in as reply brief are waived." *Wonsey v. City of Chicago*, 940 F.3d 394, 398-99 (7th Cir. 2019). However, even if these arguments had not been waived, they fail to support John's likelihood of succeeding on his Title IX claim.

showing some likelihood of success on his motion, or that he will suffer irreparable harm, John's Motion is **denied**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff John Doe's Verified Emergency Motion to Stay Pending Appeal and to Enjoin Defendant's Implementation of Sanctions as a Result of Entry Denying Plaintiff's Motion for Preliminary Injunction, ([Filing No. 139](#)), is **DENIED**.

**SO ORDERED**.

Date: 6/3/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Kristen Hahn
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
khahn@zsws.com

Joseph Heavrin Harrison, III
STUART & BRANIGIN
jhh@stuartlaw.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com