UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-00144-TWP-MPB |
| | ) | |
| UNIVERSITY OF SOUTHERN INDIANA, | ) | |
|       Defendant | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE**

COMES NOW the Plaintiff and for his Reply states:

Plaintiff served a Request for Production of Documents to Defendant on September 23, 2022. Defendant served Responses, ***without documents***, on November 25, 2022. On December 21, 2022, Defendant first produced documents but continued numerous objections to production. On January 5, 2023, Defendant supplemented with approximately 1,156 pages of documents. On February 13, 2023, Defendant supplemented with another approximately 725 pages. Because of numerous continuing objections to producing documents, a discovery conference is set with the Court on February 27, 2023.

Because Defendant refused to obtain documents within its control and pursuant to contractual rights from its Title IX agents, Plaintiff served Subpoenas to Defendant's former Title IX coordinator, Title IX investigator, decision makers, and appeal officer. These responses were originally due on February 14, 2023. On February 13, Plaintiff's counsel received a communication from counsel representing the appeal officer, and she requested a three (3) week extension to respond to the Subpoena for documents. Plaintiff agreed to such extension. On February 14, 2023, the appeal officer submitted a Response to the Subpoena outlining objections thereto. Plaintiff will seek a meet and confer on the objections. On February 14, 2023,

1

Plaintiff's counsel received a letter from counsel for the former Title IX coordinator (that counsel being the same counsel as Defendant's counsel herein) objecting to the production of document under the Subpoena. Plaintiff will seek a meet and confer on the objections.

Before Plaintiff asserts additional claims against Defendant and new defendants, fully considering the documents and outstanding discovery issues is reasonable. Despite the RFP in September 2022, Defendant continues to supplement with additional documents. Defendant has further avoided producing additional documents within its control. Good cause exists for amending the deadlines given the continuing discovery issues faced by Plaintiff, and to fully present his claims to this Court.

Defendant attaches the email communications with Plaintiff's counsel but avoids any agreement to an extension. Of course, if new claims against new defendants are included in an amended pleading, the current CMP deadlines will be altered to give those new defendants a full and fair opportunity to respond and defend the claims. But fundamental fairness and the interests of justice support Plaintiff's Motion. Plaintiff has shown good cause, and the Court should grant Plaintiff's Motion to Extend CMP Deadline for Amending the Pleadings and Joining Additional Parties. Defendant asserts no prejudice from the extension.

    I verify, under penalties of perjury, that the foregoing statements are true.

*/s/ Robert L. Burkart*
Robert L. Burkart

Respectfully submitted,

ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP

By: */s/ Robert L. Burkart*
    Robert L. Burkart, 16664-82
    Keith W. Vonderahe, 21908-82
    Matthew S. Koressel, 35276-49
    20 NW First Street, Ninth Floor
    P. O. Box 916
    Evansville, Indiana 47706-0916
    Phone: (812) 424-7575
    rburkart@zsws.com
    kvonderahe@zsws.com
    mkoressel@zsws.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of February, 2023, the above document was served via the Indiana Court's E-Filing document system and further certifies that all counsel of record were served via IEFS.

                                            */s/ Robert L. Burkart*
                                            Robert L. Burkart