UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| DAMEION DOSS, | ) |
| BETH DEVONSHIRE, | ) |
| D. STAFFORD & ASSOCIATES, | ) |
| KAREN NUTTER, | ) |
| GRAND RIVER SOLUTIONS, INC., | ) |
| | ) |
|       Defendants. | ) |

**ORDER ON MOTION TO DEEM CERTAIN PARAGRAPHS OF DEFENDANTS GRAND RIVER AND KAREN NUTTER'S ANSWER TO BE DEEMED ADMITTED**

This matter comes before the Court on a *Motion for Certain Paragraphs of Defendants Grand River and Karen Nutter's Answer to be Deemed Admitted*, filed by Plaintiff, John Doe. (Dkt. 276). Plaintiff asserts Defendants Grand River Solutions, Inc. and Karen Nutter (collectively, "GRS Defendants") filed a defective Answer (Dkt. 245), and thus the portions which were defective should be stricken and further deemed admitted under Fed. R. Civ. P. ("Rule") 12(f) and 8(b)(6).

Doe's objections to the GRS Defendants' Answer begin with the fact that the GRS Defendants chose an unconventional approach—listing in bulk every paragraph to which they believe a particular feature applies, then responding to hundreds of allegations in one sentence. This resulted in the GRS Defendants filing a seven-page Answer to a fifty-six-page Complaint. Doe's other objections can be summarized into four concerns: (1) Paragraph Three incorrectly states certain portions of the Second Amended Complaint (Dkt. 196) do not apply, and therefore no answer is required; (2) Paragraphs Four and Fourteen assert certain portions of the Complaint are "pure legal conclusions to which no response is required"; (3)

- 1 -

Paragraphs Seven, Twelve, and Fifteen contain an impermissible assertion that a document speaks for itself"; and (4) Paragraph Eight fails to specify which Paragraph or allegation therein it admits. (Dkt. 276). The GRS Defendants oppose Plaintiff's motion.

Yet, the GRS Defendants do concede that at least a portion of their Answer was erroneous, and accordingly request leave of the Court to amend their Answer. (Dkt. 278, *Response in Opposition of [*Dkt. 196*]* at 3, n. 4).

## I. BACKGROUND

This is an action involving claims of sex-based discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX").

Plaintiff was a student accused of sexual assault by another student at Defendant University of Southern Indiana ("USI"). Plaintiff alleges that throughout the course of the ensuing investigation his rights under Title IX were violated by the Defendants. Plaintiff seeks injunctive relief, including an expungement of his disciplinary record at USI, as well as monetary damages.

Plaintiff's Second Amended Complaint was filed on April 24, 2023, formally including the GRS Defendants for the first time. (Dkt. 196). The GRS Defendants filed a joint Answer on June 14, 2023. (Dkt. 245). On August 18, 2023, Plaintiff filed this Motion seeking to deem certain parts of the Answer as admitted. (Dkt. 276).

## II. APPLICABLE LAW

Fed. R. Civ. P. 8(b) identifies three acceptable ways to respond to each allegation contained in a pleading against a party: (1) admit the allegation, (2) deny the allegation, or (3) state the party is without sufficient knowledge or information to form a belief about the truth of an allegation. A party may also deny or admit only a portion of an allegation. Fed. R. Civ. P. 8(b)(4). Stating a party is without sufficient knowledge has the effect of a denial. Fed. R. Civ. P.

8(b)(5). Any allegation to which a response is required is considered admitted if not denied. Fed. R. Civ. P. 8(b)(6).

Under Rule 12, either party may make a motion to strike "insufficient defense[s] or any redundant, immaterial, impertinent, or scandalous matter from the opposing party's pleading." Fed. R. Civ. P. 12(f)(2). The general rule recognized by the Seventh Circuit is that motions to strike are disfavored, because they may only serve to delay the timeline of the case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, motions to strike can also serve the important task of removing unnecessary clutter and expediting the case timeline. *Id.*

**A.** EACH ALLEGATION MUST BE ANSWERED; THERE ARE NO EXCEPTIONS BECAUSE SOMETHING IS "NOT DIRECTED" AT A PARTY OR "STATES A LEGAL CONCLUSION."

Contrary to GRS Defendants' assertions, and evidenced by a lack of support in their Response (Dkt. 278), there is no justification for failing to respond to an allegation because it is "not directed at" a particular defendant. Similarly, there is no safe harbor for a party seeking to avoid answering an allegation because it is a "pure legal conclusion." Rather, Rule 8 requires "all the allegations of a pleading" to be specifically admitted or denied. Fed. R. Civ. P. 8(b).

**B.** AN ANSWER STATING "THE DOCUMENT SPEAKS FOR ITSELF" OR THAT AN ALLEGATION IS "DENIED TO THE EXTENT . . ." ARE ORDINARILY IMPERMISSIBLE RESPONSES, BUT MAY BE USED IN CONJUNCTION WITH ANOTHER RESPONSE.

As Doe correctly points out, a response similar to "the document speaks for itself" or that an allegation is "denied to the extent . . ." are not one of the three permissible answers contained in Rule 8(b). However, the authority Doe relies on has been distinguished in this District: "[a]lthough the language 'the document speaks for itself' is not one of the alternatives under Rule 8(b), [the defendant] has also either admitted or denied these allegations. Thus, the Court will not strike [the defendant's] responses." *Leonard v. Trustees of Indiana Univ. et al*, No. 1:19-cv-00963, 2019 WL 3306181 at *4 (S.D. Ind.

July 23, 2019) (quoting *Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010)). Therefore, so long as another one of the three permissible responses accompanies the ordinarily impermissible response, the defendant's denial will be valid. *Id.*

C. THE PROPER REMEDY FOR A DEFECTIVE PLEADING IS GRANTING LEAVE OF COURT TO FILE AN AMENDED PLEADING.

The preferred method of correcting pleadings is allowing a party to amend their pleading, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The draconian practice of deciding cases based on pleadings is gone; rather, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and affect the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993).

III. DISCUSSION

Rule 8(b)(3) allows a party to generally deny all allegations, followed by specifically admitting allegations which are conceded or not in dispute. Indeed, that is precisely how the GRS Defendants proceeded here, stating, "[a]ny and all allegations not specifically and expressly admitted are intended to be and are, therefore, deemed denied by the GRS Defendants." (Dkt. 245 ¶ 1).

A. THOUGH STATING AN ALLEGATION IS "NOT DIRECTED" AT A PARTY OR IS A "LEGAL CONCLUSION" IS INSUFFICIENT, THE GRS DEFENDANTS' GENERAL DENIAL PROTECTS THOSE RESPONSES FROM RULE 8(B)(6).

Paragraphs Three, Four, and Fourteen of the GRS Defendants' Answer assert various grounds they assert relieve their obligation to respond to allegations in the Second Amended Complaint. (Dkt. 245 ¶ 3, 4, 7). Specifically, the GRS Defendants incorrectly claim in Paragraph Four that certain paragraphs "are not directed at GRS Defendants" when in fact those

paragraphs are incorporated by reference in Plaintiff's first sentence of Count III. (Dkt. 245 ¶ 4); (Dkt. 196 ¶ 431). Nonetheless, the GRS Defendants still effectively deny the allegations in each of these paragraphs, as well as deny them via their general denial. (Dkt. 245 ¶ 1, 3, 4, 7). Thus, there is no basis for deeming these paragraphs admitted by way of Rules 12(f) and 8(b)(6).

**B. THOUGH SAYING "THE DOCUMENT SPEAKS FOR ITSELF" AND THAT A PARTY "DENIES TO THE EXTENT . . ." ARE IMPERMISSIBLE RESPONSES ALONE, THEY ARE ACCEPTABLE WHEN USED WITH A GENERAL DENIAL.**

The GRS Defendants' responses contained in Paragraphs Seven, Eight, Twelve, and Fifteen would ordinarily be impermissible, as they are not one of the three permissible answers allowed by Rule 8(b). However, as noted in *Leonard*, these responses are acceptable when coupled with a general denial. 2019 WL 3306181 at *4. Therefore, because the GRS Defendants' Answer contains a general denial, the paragraphs should not be stricken or deemed admitted. (Dkt. 245 ¶ 1).

**C. THE PROPER REMEDY FOR CORRECTING ANY DEFICIENCY IN THE GRS DEFENDANTS' ANSWER IS TO GRANT LEAVE OF COURT TO AMEND THEIR ANSWER.**

As noted in *Woods*, the practice of deciding a case on the technicalities of pleadings is largely extinct, and instead has been replaced by the preference of determining the proper issues for judgment on the merits of a case. 996 F.2d at 884.

Therefore, the Court declines Doe's request for the challenged paragraphs to be deemed admitted. However, because the GRS Defendants concede that at least a portion of their Answer should be revised and the parties have engaged in significant discovery since the GRS Defendants' Answer which may narrow the remaining issues in dispute, the Court deems leave for the GRS Defendants to amend their answer to be warranted.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's *Motion for Certain Paragraphs of Defendants Grand River and Karen Nutter's Answer to be Deemed Admitted*. (Dkt. 276). Further, the Court **ORDERS** Defendants Grand River Solutions, Inc. and Karen Nutter to file an amended answer to Plaintiff's Second Amended Complaint (Dkt. 196) **within 20 days of this Order**. In the amended answer, the GRS Defendants are further **ORDERED** to specifically list each numbered allegation of the Complaint, immediately followed by their answer as to each allegation.

The leave for the GRS Defendants to amend their answer shall be limited to re-filing a response to the allegations contained in the Second Amended Complaint and should not be construed as leave to add new counterclaims or defenses. Should the GRS Defendants seek to add additional claims or defenses, the GRS Defendants should file a motion for leave to do so pursuant to Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: September 29, 2023

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF-registered counsel of record.