UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00144-TWP-CSW |
| | ) | |
| UNIVERSITY OF SOUTHERN INDIANA, | ) | |
| DAMEION DOSS, | ) | |
| BETH DEVONSHIRE, | ) | |
| D. STAFFORD & ASSOCIATES, | ) | |
| KAREN NUTTER, | ) | |
| GRAND RIVER SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Plaintiff's *Motion to Compel*, filed on December 8, 2023. (Dkt. 326). Plaintiff seeks production of two emails dated July 26, 2021, as well as attorneys' fees. The GRS Defendants filed a *Response in Opposition* on December 20, 2023. (Dkt. 337).

"[T]he GRS Defendants take no position on whether the documents at issue are, in fact, privileged," but do oppose an award of attorney's fees. (Dkt. 337 at 4-5). Plaintiff seeks an award of attorneys' fees under Fed. R. Civ. P. 37(a)(5). Indeed, Rule 37(a)(5)(A) provides that a court must award attorneys' fees if the discovery is compelled, but Rule 37(a)(5)(A)(ii) provides that a court must not order such an award if "the opposing party's nondisclosure, response, or objection was substantially justified." The Court finds the GRS Defendants' actions, as detailed in the parties' submissions, to have been substantially justified.

Therefore, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the *Motion*. The following **ORDERS** are issued:

(1) The GRS Defendants are **ORDERED** to produce to Plaintiff the two emails dated July 26, 2021, which were included on their privilege log **no later than January 12, 2024.**

(2) The Plaintiff's request for attorneys' fees is hereby **DENIED**.

**SO ORDERED.**

**Date: January 5, 2024**

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**