UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-00144-TWP-CSW |
| | ) | |
| UNIVERSITY OF SOUTHERN INDIANA, | ) | |
|     *et al*., | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT MOTIONS PENDING COURT'S RULING ON (I) PLAINTIFF'S MOTIONS TO SUPPLEMENT, (II) PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL, (III) USI'S PRODUCTION OF ANY DOCUMENTS REQUIRED TO BE PRODUCED PER THE COURT'S RULING ON THE OBJECTION, AND (IV) USI'S FILING OF THE ANSWER TO THE SECOND AMENDED COMPLAINT**

Plaintiff moves the Court to stay Defendant USI and Defendants Karen Nutter and Grand River Solutions respective Motion for Summary Judgment [Dkts. 314 and 317], and Plaintiff's Cross-Motion for Summary Judgment [Dkt. 329] pending (i) the Court's ruling on Plaintiff's Motion to Supplement [Dkt. 387] and Plaintiff's Second Motion to Supplement filed herewith, (ii) the Court's ruling on Plaintiff's Objection to Magistrate Judge's Order on Motion to Compel to be filed, (iii) USI's production of required documents or other relief under the Court's ruling on Plaintiff's Objection, and (iv) USI's filing of its Answer to the Second Amended Complaint, and Plaintiff's opportunity to submit a request for further supplement to the summary judgment motions as to (iii) and (iv), and in support states as follows:

1. This case involves, in part, a Title IX discipline challenge which the Title IX Regulations repeatedly note can involve life-altering educational, economic, and employment effects.

2. Here, USI made a determination of rape against Plaintiff and imposed discipline which becomes a permanent mark on his USI records.

3. Among other evidence, Plaintiff has designated undisputed evidence on summary judgment that USI and other Defendants (i) concealed a report and written statements by Jane Doe on the very incident in question that contradicted her account during the Title IX process, (ii) concealed other Title IX reports of sexual assault by Jane Doe against Plaintiff, and (iii) USI directed Jane Doe not to disclose the other Title IX reports during the Title IX process. [Dkt. 342 at 8, 12, 17].

4. The evidence discovered on remand is significant, shocking, and material to the summary judgment issues.

5. USI and Nutter/Grand River filed respective Motions for Summary Judgment which are pending. [Dkts. 314 and 317].

6. Plaintiff filed a Cross-Motion for Summary Judgment which is pending. [Dkt. 329].

7. Subsequent to the Motion filings, Plaintiff filed a Motion to Compel to which Plaintiff filed a Response in Opposition making judicial admissions as to the non-existence of documents as to purported Pre-Hearing Policy Amendments which is a material issue on summary judgment. [Dkt. 370].

8. The Magistrate Judge entered an Order on Plaintiff's Motion to Compel (the "Order") on April 4, 2024 compelling USI to produce a certain document dated August 11, 2021, from USI's Title IX Coordinator as to an update of Title IX matters to communicate to USI employees shortly after the Title IX Hearing. [Dkt. 384].

9. As set forth in the Motion to Supplement, the compelled document refutes USI and Nutter/Grand River assertion that Pre-Hearing Policy Amendments were approved and implemented by USI immediately prior to the Hearing. [Dkt. 387].

10. The Order also recited USI's "unequivocal" statements as to the non-existence of documents relating to the purported Pre-Hearing Policy Amendments and Jane Doe's other Title IX reports filed against John which USI concealed during the Title IX process. [Dkt. 384 at 7]. USI's statements are judicial admissions which provide relevant, new, material, and conclusive evidence that USI has knowingly been advancing a knowingly false narrative as to purported Pre-Hearing Policy amendments which evidence the gender bias and intentional inflectional of emotional distress against Plaintiff. The other Defendants have joined in and attempted to incorporate USI's alleged facts and arguments.

11. The Order also recites USI's judicial admission that it does **not** have a single document related to Jane Doe's multiple other Title IX reports [Dkt. 384 at 7] which is evidence that USI intentionally concealed any information relating to Jane Doe's other reports, and further evidences USI's directive to Jane Doe not to disclose any information relating to her other Title IX reports against Plaintiff.

12. The evidence flowing from USI's response to Plaintiff's motion to compel and the Magistrate Judge's Order is clearly relevant and material to Plaintiff's claims and the summary judgment issues and Defendants' defenses.

13. Plaintiff will be filing an Objection to the Order no later than April 17, 2024, on the basis that some of the Magistrate Judge's rulings are clearly erroneous and contrary to law, and the objection seeks, in part, that the Court compel additional discovery that

USI has refused to produce which is relevant and material to Plaintiff's claims and the summary judgment issues and defenses.

14. The issues on summary judgment involve life-altering determinations for a young male, and compliance with federal law for a large public University, a large Title IX consulting company, and an employee thereof.

15. Lastly, Plaintiff filed his Second Amended Complaint on April 24, 2023. To date, USI has yet to Answer the Second Amended Complaint.

16. After the Court ruled on the Motions to Dismiss, USI had 14 days to file an Answer. *See* Fed. R. Civ. P. 12. USI requested Plaintiff agree to a 28 day extension. Plaintiff agreed to USI's request for a 28-day extension as a professional courtesy; not as a means for USI to avoid answering the Second Amended Complaint prior to the Court ruling on the motions for summary judgment. Clearly, USI's Answer to the Second Amended Complaint will address factual allegations as to Plaintiff's claims, and will provide additional evidence to support Plaintiff's summary judgment filings. USI should not be able to avoid answering the Second Amended Complaint before the Court rules on the summary judgment motions.

17. The Court addresses the summary judgment claims based on a totality of designated evidence. There is no prejudice to Defendants in allowing Plaintiff to seek the additional steps to obtain and supplement the summary judgment record with relevant, material, and critical evidence which has been learned subsequent to the summary judgment filings, which has been withheld from Plaintiff, and which may be further obtained as a result of the Court's rulings on the Motions to Supplement and Objection.

18. The Court should stay all Motions for Summary Judgment pending the full completion of the foregoing matters.

19. Fundamental fairness and the interests of justice support staying the summary judgment motions pending completion of the foregoing items.

20. This motion is not for hindrance or delay, but in good faith.

WHEREFORE, Plaintiff requests the Court grant his motion and stay the summary judgment motions pending (i) the Court's ruling on Plaintiff's Motion to Supplement and Plaintiff's Second Motion to Supplement, (ii) the Court's ruling on Plaintiff's Objection to Magistrate Judge's Order on Motion to Compel, (iii) USI's production of required documents or relief under the Court's ruling on Plaintiff's Objection, and (iv) USI's filing of the Answer to the Second Amended Complaint, and Plaintiff's opportunity to submit a request for further supplement to the summary judgment motions as to (iii) and (iv), and for all other just and proper relief.

    Respectfully submitted,

    ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

    By: */s/ Robert L. Burkart*
        Robert L. Burkart #16664-82
        Keith W. Vonderahe #21908-82
        Matthew S. Koressel #35276-49
        20 NW First Street, 9th Floor
        Evansville, Indiana 47706-0916
        Phone: (812) 424-7575
        rburkart@zsws.com
        kvonderahe@zsws.com
        mkoressel@zsws.com

    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on April 16, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>William P. Kealey - wpk@stuartlaw.com
>Joseph H. Harrison III - jhh@stuartlaw.com
>Craig Lamb - Craig.lamb@wilsonelser.com
>Edward O'Brien - Edward.O'Brien@wilsonelser.com
>Timothy V. Hoffman - thoffman@sanchezdh.com
>John R. McInerney - JMcInerney@sanchezdh.com

>*/s/ Robert L. Burkart*
>Robert L. Burkart