UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| | ) |
| Defendant. | ) |

### ORDER TO SHOW CAUSE

This matter is before the Court on an Oder to Show Cause concerning the propriety of allowing the Plaintiff John Doe ("John") to proceed in this case in anonymity. This case concerns a sexual assault allegation submitted by Jane Doe ("Jane") accusing John of a sexual assault that occurred on November 14, 2020 (Filing No. 196 ¶¶ 63, 64). The University of Southern Indiana ("USI") found John responsible and imposed a suspension, which became final on September 22, 2021. *Id.* at ¶¶ 283, 286-88, 335. John then initiated this action in state court alleging that USI violated Title IX of the Education Amendments Act of 1972 ("Title IX"). *Id.* at 50-52.

Contemporaneously with his state court complaint, John filed a Motion to Proceed Under Pseudonym (Filing No. 1-2 at 63-66). John's motion noted nine, non-exhaustive factors the court should consider in its determination:

- whether the plaintiff is challenging governmental activity;
- whether the plaintiff would be required to disclose information of the utmost intimacy;
- whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution;
- whether the plaintiff would risk suffering injury if identified;
- whether the party defending against a suit brought under an anonym would be prejudiced;
- whether the interests of children are at stake;

- whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party;
- the extent to which the identity of the litigant has been kept confidential; and
- the public interests in knowing the litigant's [sic] identities.

*Id.* at 64.  John argued that the Title IX investigation contained allegations of his prior sexual conduct which constitutes information of the utmost intimacy and if identified, he would face irreparable injury to his reputation even if exonerated of the allegations set forth by Jane.  *Id.* at 64, 65.  The state court granted John's motion the same day but the judge did not explain his reasons for allowing John to proceed under a pseudonym.  *See id.* at 71.

On September 29, 2021, USI removed this case to federal court.  Following removal, John filed a Motion for Leave to Proceed Under Pseudonym (Filing No. 15).  Like in his motion before the state court, John stated that several factors considered by the Southern District of Indiana favored his use of a pseudonym.  *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017).  The factors listed were:

- whether the plaintiff is challenging governmental activity;
- whether the plaintiff would be required to disclose information of the utmost intimacy;
- whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution;
- whether the plaintiff would risk suffering injury if identified;
- whether the party defending against a suit brought under an anonym would be prejudiced.

*Id.* at 2.  USI did not oppose the Motion (Filing No. 17).  On October 8, 2021, then Magistrate Judge Matthew P. Brookman granted leave to proceed under pseudonym (Filing No. 18).  The Magistrate Judge did not explain his reasons for allowing John to proceed under a pseudonym.

Recent Seventh Circuit caselaw casts doubt on a plaintiffs' ability to proceed anonymously. *See Doe v. Trs. of Ind. Univ.*, No. 22-1576, 2024 BL 144075 (7th Cir. Apr. 26, 2024).  In *Doe v. the Trustees of Indiana University*, a medical student was suspended from Indiana University Purdue

University Indianapolis ("IUPUI") after being found culpable of physical abuse of another student. No. 1:20-cv-02006-JRS-MJD, 2022 WL 972792, at *1 (S.D. Ind. Mar. 31, 2022), *vacated and remanded*, 2024 WL 1824967. The medical student was later expelled from IUPUI after he misrepresented his disciplinary status to the School of Business. *Id.* The student then initiated an action against IUPUI alleging violation of Title IX. *Id.*

The magistrate judge allowed the medical student "to proceed under a pseudonym to protect his identity." *Id.*, at *1 n.1. The magistrate judge's opinion mentioned the same multi-factor approach cited by John in his motion. *Doe v. Trs. of Ind. Univ.*, 2024 BL 144075 at *5. The Seventh Circuit concluded that this multifactor approach has not been adopted by this circuit and consideration of those factors is not pertinent. *Id.* Rather, the standard in federal litigation is that all parties' names are public absent a justification for anonymity. *See*, *e.g.*, *Doe 3 v. Elmbrook School District*, 658 F.3d 710, 721-24 (7th Cir. 2011), adopted on this issue by *Doe v. Elmbrook School District*, 687 F.3d 840, 842-43 (7th Cir. 2012) (en banc); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Roe v. Dettelbach*, 59 F.4th 255, 259-60 (7th Cir. 2023). Justifications for anonymity include youth, a substantial risk of harm, or the likelihood of improper retaliation. *Doe v. Trs. of Ind. Univ.*, 2024 BL 144075 at *4.

The Seventh Circuit found that the district judge abused his discretion

> when permitting 'John Doe' to conceal his name without finding that he is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court). Title IX litigation is not an exception to the norm that adult litigants are identified by name.

*Id.* at *6. Specifically, the court held "although anonymity may be common in Title IX suits, it must be justified in each case." *Id.* at *12. The medical student was given the opportunity to reveal his true name and continue with the suit or keep his name a secret and dismiss the suit under Fed. R. Civ. P. 41(a)(2).

3

Because the initial motions were unopposed, neither the state court nor the Magistrate Judge discussed the justifications for anonymity in its orders, and the parties have not briefed the issue of anonymity before this Court. Accordingly, the parties are ordered to submit their written positions on this issue.[1] The Court recognizes that if it finds there is no cause to proceed under a pseudonym, John Doe may elect to dismiss the suit under Fed. R. Civ. P. 41(a)(2) to keep his name secret, rather than revealing his name in the public record.

The parties are **ORDERED to show cause, in writing, within fourteen (14) days of this Entry** why this case should or should not proceed under pseudonyms. The parties' submissions should be briefed pursuant to Local Rule 7-1(c)(3).

**SO ORDERED.**

Date: 5/7/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

---

[1] *See also Doe v. Loyola Univ. Chi.*, in which parties are directed to file post-argument memoranda to the district court to address both mootness and anonymity. "If Doe wants to continue the suit—and if it is not moot—then the district judge must decide whether Roe is entitled to anonymity and, if she is, whether putting Doe's name in the public record would **[*4]** be equivalent to revealing Roe's identity as well. Doe v. Loyola Univ. Chi., No. 22-2925, 2024 BL 152874, at *4 (7th Cir. May 3, 2024).

4

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Joseph Heavrin Harrison, III
STUART & BRANIGIN LLP
jhh@stuartlaw.com

William P. Kealey
STUART & BRANIGIN LLP
wpk@stuartlaw.com

D. Craig Lamb
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
craig.lamb@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com