UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| KAREN NUTTER, | ) |
| GRAND RIVER SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S USE OF PSEUDONYM**

This matter is ripe before the Court following the Court's *Order to Show Cause* regarding the issue of pseudonymity. (Dkt. 408). All parties filed briefs. Plaintiff John Doe ("Doe") asks this Court to allow his case to continue under a pseudonym. (Dkt. 415). Defendant University of Southern Indiana ("USI") and Defendants Grand River Solutions and Karen Nutter (collectively, "GRS Defendants") all object to Plaintiff's continued anonymity. (Dkt. 414); (Dkt. 416).

**I. BACKGROUND**[1]

On February 25, 2021, Jane Doe made a complaint to USI alleging Plaintiff John Doe sexually assaulted her on November 14, 2020. USI held a Title IX hearing on August 4, 2021. The committee found by a preponderance of evidence that Plaintiff was "responsible" for committing sexual assault, and issued its decision on August 25, 2021. On September 1, 2021, Plaintiff Doe appealed the decision of the hearing panel. The Appeal Officer issued a decision affirming the hearing panel's finding on September 22, 2021.

---

[1] To provide context for the Court's ruling on the pending motion, the Court briefly summarizes the relevant procedural history. This background does not constitute findings of the Court.

Doe sued USI on September 24, 2021, in Vanderburgh Circuit Court, and USI removed the case to this Court on September 29, 2021. Plaintiff sought leave to proceed under a pseudonym on October 5, 2021. USI did not oppose the motion, and the Court granted the motion on October 8, 2021. ([Dkt. 18](Dkt. 18)) Plaintiff named GRS Defendants on April 24, 2023.

On May 7, 2024—in the wake of recent Seventh Circuit decisions addressing pseudonymity in Title IX litigation—this Court ordered the parties to show cause as to whether this case should continue under a pseudonym.

## II. APPLICABLE LAW

"The use of fictitious names is disfavored," and the Court "has an independent duty to determine whether exceptional circumstances justify such departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

The Seventh Circuit has recently issued two Title IX opinions, which direct this Court's analysis: *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485 (7th Cir. 2024) ("*Indiana University*") and *Doe v. Loyola Univ. Chi.*, 100 F.4th 910 (7th Cir. 2024) ("*Loyola University*"). Determining whether exceptional circumstances exist in the case at bar merits a brief review of each case.

### A. *Indiana University*

*Indiana University* involved a medical student found culpable of abuse of another student. 101 F.4th at 488. The medical school dean found a one-year suspension to be the appropriate sanction. The student thereafter applied to the university's graduate business school and disclosed his suspension but described the dean's decision as an "exoneration." *Id.* at 489. Thereafter, the dean concluded the student had misled the business school, was unfit to practice medicine, and should be expelled. *Id.* The student sued the school—under a pseudonym—for violations of

Title IX and the Fourteenth Amendment's Due Process Clause. *Id.* The district court granted summary judgment to the school, and the student appealed. *Id.*

As to the merits, the Seventh Circuit remanded the case for further proceedings related to the due process argument. However, the Seventh Circuit *sua sponte* scrutinized the student's use of a pseudonym. The Court expressed disapproval of the use of pseudonyms and held that such should not be the standard practice in Title IX litigation. *Id.* at 491. "[T]he assertion 'this is how things have been done' is not a justification for doing them that way." *Id.* at 492.

The Seventh Circuit took the opportunity to emphasize that "[t]he norm in federal litigation is that all parties' names are public," and the commonplace usage of pseudonyms in Title IX proceedings does "not create a Title IX easement across" that norm. *Id.* at 491-92. Instead, the public has an interest in knowing who is using the legal system, and only "when the balance of harms justifies it" is the use of pseudonyms justified. *Id.* at 492. Extraordinary circumstances which would justify pseudonymity could include youth, a substantial risk of harm, and likelihood of improper retaliation. *Id.* at 491. Mere embarrassment, however, does not justify anonymity. *Id.* at 492.

### B. Loyola University

Another recently issued Title IX opinion underscored this Circuit's view that the use of pseudonyms should be very carefully analyzed. In *Loyola University*, a student claimed the university engaged in unlawful sex discrimination during his Title IX investigation. 100 F.4th at 912. Following oral argument, the Seventh Circuit—as in the *Indiana University* case above—*sua sponte* ordered briefing on the issue of pseudonymity. *Id.*

The Seventh Circuit in *Loyola* then similarly scrutinized the district court's leave to plaintiff to proceed under a pseudonym by addressing three key points:

(1) anonymity as the norm in Title IX litigation.

(2) plaintiff's desire to conceal Loyola's finding that he committed misconduct from public view; and

(3) the victim's entitlement to anonymity.

*Id.* at 913.

The Court heavily referenced its holding in *Indiana University*, repeating: "only 'exceptional circumstances' justify the use of a fictitious name for an adult." *Loyola University*, 100 F.4th at 913 (quoting *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) (citing *Blue Cross*, 112 F.3d at 872)).

The Court further explained: "[w]e observed in *Indiana University* that the sort of retaliation that might warrant secrecy is a kind that is unjustified by the facts—such as animus toward people with unpopular religious beliefs." *Id.* (citing 101 F.4th at 491). However, "[t]he people have a right to know who is using their courts," and "a desire to keep embarrassing information secret does not justify anonymity."[2] *Id.* (citing *Blue Cross*, 112 F.3d at 872); *id.* (citing *Indiana University*, 101 F.4th at 491). As to Title IX specifically, although "no one wants a college's finding of misconduct broadcast" to the public, it is no justification for deviating from the norm of public disclosure. *Id.*

The Court also addressed the "concern that identifying Doe would enable some people to infer [the victim]'s identity." *Id.* at 914. Such an argument – according to the Court – does not alone justify anonymity of the plaintiff. The Court explained that regardless of Doe's name being public, "everyone who could put two and two together already has done so . . . [t]he people who might be able to identify [the victim] after learning Doe's identity" already had the chance to do so when learning of Doe's expulsion. *Id.* In other words: "If they did not put two and two together then, why would they do so now?" *Id.*

### III.   ANALYSIS

To begin, "[o]nly exceptional circumstances justify the use of a fictitious name for an adult." *Loyola University*, 100 F.4th at 913. Applying that standard, the

---

[2] Maintaining transparency of the courts is not limited to the Title IX context. The Northern District of Illinois recently applied the standard from *Indiana University* and *Loyola University* in a breach of privacy case. *Doe v. Fenix Internet, LLC*, 2024 WL 2845961 at *2 n. 2. (N.D. Ill. June 5, 2024).

Court must determine whether this John Doe may continue to deviate from the norm and use a pseudonym. That is, Doe must demonstrate extraordinary circumstances.

Doe argues two key reasons for proceeding pseudonymously: (1) a risk of harm and retaliation; and (2) the confidential nature of a Title IX proceeding, which he asserts was improperly handled. The Court addresses them each in turn.

### A. Risk of harm and retaliation

Doe argues that he may face physical harm if his true identity is revealed and offers evidence in support of that argument. (Dkt. 415 at 2). This evidence—in the form of social media messages—contains racial slurs, calls for violence, and threats toward Doe and his family members. (Dkt. 67-1). Language used in these messages is abhorrent and concerning, but in addition to the actual words used, timing and context must be considered to fully evaluate Doe's concern.

#### 1. The social media messages

Doe's social media messages are at least two-and-a-half years old. (Dkt. 67-1) (filed on November 5, 2021). Doe states "there is no reason to believe that such threats would not recommence today if the Court vacates the anonymity of Plaintiff in this case." (Dkt. 415 at 3). However, there is similarly no evidence presented to suggest that such threats would suddenly resurrect if an entry on this docket denying Doe's request to proceed anonymously should issue. There is also no evidence in this case to suggest that the persons who authored such offensive messages via social media are persons who are true, direct threats and/or will proceed on such threats.[3] Indeed, Doe offers evidence suggesting that Doe's safety has been threatened in ways other than the posts.

Moreover, the aged nature of the threats casts doubt on their import now. Doe does not identify any threats since 2021. As a result, though Doe has presented

---

[3] The internet has made harassment easier. "Harassers can hide behind online anonymity while tormenting others." *Counterman v. Colorado*, 600 U.S. 66, 89 (2023) (Sotomayor, J., concurring).

social media messages in the wake of the investigation which contain threatening language, there is no evidence to suggest that those are recent or related to whether he proceeds in this case anonymously.

### 2. Doe's location and intention not to return to the Midwest

Even if Doe's social media messages were recent, however, Doe's location mitigates against threats. Whereas he resided on the university's campus and participated in on-campus activities during the events underlying this case, Doe currently lives in another part of the country, a substantial distance from the university. (Dkt. 341-11 at 9).[4] Doe has not been back to the university's campus in nearly two years and does not intend to return. (*Id.* at 254-55). In other words, Doe's only connection to the area, according to his testimony, would be for legal proceedings and perhaps to visit people in the area if he so chooses to do so. (*Id.* at 256).

### 3. The case has been on the docket since 2021

This case is active with lengthy and factually substantive briefing. There have been nearly 200 docket entries in the last year alone. Most of these entries are publicly available and contain information which would allow any interested person—in the words of our Circuit—to "put two and two together" to ascertain Doe's identity. *Loyola University*, 100 F.4th at 914. Even so, Doe has not identified any recent news articles, social media posts, threats, or other public statements regarding the case to suggest that because of ongoing public interest, he has legitimate safety concerns. Doe points to an "active" Change.org petition, but "active" is inaccurate. The petition is over three years old, does not reference this case and does not show any signs of recent activity.[5] *See* (Dkt. 415 at 3).

---

[4] The Court acknowledges the document containing precise locators is sealed to the public.
[5] The petition is dated March 23, 2021. The majority of the comments and signatures (at least the first 500 of 613 total signatures) date to three years ago.

### 4. Weight of the risk of harm to Doe if his name were revealed.

While the language in the posts is concerning, the Circuit's holdings in the authorities cited herein task this Court with looking beyond offensive and threatening language in social media posts. Doe has failed to convince the Court that such threats would resume or be acted on just because his name becomes part of the caption in this case. The threats are dated and ostensibly created at a time when the authors of such messages may have already known the identity of Doe as well as his physical location. Too, no recent threats have been identified. Doe is not from the Midwest and has not shown any intent to return. Rather, he testified he does not want to return to the area. Finally, the petition appears to be dormant, and like the social media messages, originates to a time when Doe's identity may have been known (or easily ascertainable) to the signatories. These factors weigh against Doe's request to maintain his case under a pseudonym.

### B. Confidential nature of a Title IX proceeding

Doe further argues anonymity is proper "due to the confidential nature of a Title IX proceeding." ([Dkt. 415 at 6](#)). Both *Indiana University* and *Loyola University* have already rejected this argument, holding that although anonymity has historically been common in Title IX suits, it does not mean it is the default way to proceed. 101 F.4th at 492 ("the assertion 'this is how things have been done' is not a justification for doing them that way"). 100 F.4th at 913.

Doe also argues this case is different from other Title IX cases because of the misconduct he argues occurred during the Title IX process. If this reasoning carried the day, all Title IX plaintiffs would be entitled to anonymity. Yet, our Circuit has expressly held that is not the appropriate way to proceed.

Doe's case is not about whether USI came to the correct conclusion. Nor is that the standard by which the undersigned must evaluate his request to proceed anonymously. While Doe can pursue legal process to challenge Title IX proceedings on constitutional grounds, his preference to do so anonymously runs counter to our

Circuit's stated policy. "People have a right to know who is using their courts." *Loyola University*, 100 F.4th at 913 (citations omitted).

### C. Jane Doe's pseudonymity.

Jane Doe is the party who made a complaint to USI precipitating the Title IX investigation. Jane Doe is neither a party nor a participant in this litigation and has not been previously identified in publicly filed documents.

Jane Doe's pseudonymity is not the focus of this order and was not the focus of the parties' briefing. John Doe's response to the *Order to Show Cause* makes no mention of whether Jane Doe is entitled to pseudonymity. (Dkt. 415). USI's response notes the Seventh Circuit's caution that *Indiana University* and *Loyola University* do not resolve whether a victim is entitled to pseudonymity, and states it takes no position as to Jane Doe's pseudonymity. (Dkt. 414). The GRS Defendants also note the recent Seventh Circuit opinions do not foreclose Jane Doe's pseudonymity, and state they "have serious doubts as to whether it would be appropriate to reveal Jane Doe's identity." (Dkt. 416). The analysis contained herein does not apply equally to Jane Doe and Jane Doe may have concerns which differ from those of John Doe that have not been articulated to the Court. Therefore, this order does not resolve the issue of Jane Doe's pseudonymity.

### IV. CONCLUSION

For the foregoing reasons, the Court finds John Doe has failed to demonstrate "exceptional circumstances" which justify using a pseudonym. Therefore, as the District Court Judge noted, Doe must choose to either continue his suit without the protection of a pseudonym, or, alternatively, to dismiss his case pursuant to Rule 41(a)(2). (Dkt. 408 at 4).

The following **ORDER** is entered:

(1) Plaintiff, John Doe, shall file a notice with the Court **no later than June 25, 2024,** identifying his legal name and his stated intent to continue to proceed with this case in his legal name, and the Court will update the

- 9 -

caption in the matter accordingly with a directive that the caption be so amended on all filings going forward; or

(2) Alternatively, **no later than June 25, 2024**, Plaintiff, John Doe, shall move to dismiss his case under Fed. R. Civ. P. 41(a)(2).

**SO ORDERED.**

Date: June 11, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**