UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-00144-TWP-CSW |
| | ) | |
| UNIVERSITY OF SOUTHERN INDIANA, | ) | |
|     *et al.*, | ) | |
|     Defendants. | ) | |

### PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S USE OF PSEUDONYM

Plaintiff, pursuant to Federal Rule of Procedure 72(a), submits his objection to the Magistrate Judge's Order on Plaintiff's Use of Pseudonym (the "Order") and moves the Court to vacate the same and order that Plaintiff may continue to advance the lawsuit with the protection of a pseudonym. [Dkt. 431].

### STANDARD OF REVIEW

The standard of review of a magistrate judge's decision "varies depending on whether the matter was dispositive." . . . For non-dispositive matters, review is far more deferential. Review for a non-dispositive decision sustains an objection only if the decision is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Clearly erroneous means that the district court is left with a "definite and firm conviction that a mistake has been made." Contrary to law means that the decision "fail[ed] to apply or misapplie[d] relevant statutes, case law, or rules of procedure." Non-dispositive matters include "[d]iscovery-related decisions made by the magistrate judge."

*Vasquez v. Indiana Univ. Health, Inc.*, No. 1:21-CV-01693-JMS-MG, 2023 WL 7332514, at *1 (S.D. Ind. Nov. 7, 2023) (internal citations omitted).

### ARGUMENT

The 7th Circuit made clear in recent decisions that anonymity involves (i) a determination dependent on the facts of each given case, and (ii) there is no bright-line rule

applicable. *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 492 (7th Cir. 2024); *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024). Whether there are "exceptional circumstances" justifying anonymity is inherently factual. [Dkt. 431 quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)].

  1. **The Magistrate failed to consider the reasonable inference that the social media threats stopped because of the confidentiality and anonymity.**

Neither *Indiana University* nor *Loyola University* addressed a factual scenario similar to the case at bar. Neither assessed social media threats of harm and death. Neither involved facts where the university knowingly and actively concealed exculpatory evidence during each phase of the Title IX process, including (i) statements by the accuser contradicting her account, and (ii) other reports filed by the accuser which contradicted her account. Similarly, neither *Indiana University* nor *Loyola University* involved a scenario where the university instructed the accuser to conceal her contradictory reports and statements during the Title IX process. Nor did either case involve an ongoing fraud on the Court advanced by the university to cover up its intentional discrimination. Given the level of threats of physical harm and the university's active concealment, the undisputed facts make the circumstances "exceptional" and tip the balance of harms to justify anonymity.

The Magistrate first notes the social media threats are over two years old. [Dkt. 431 at 5]. They commenced just prior to the Title IX process, in which USI advised the parties as to the confidentiality of the process, and that certain disclosure would result in discipline, up to expulsion. The confidentiality and anonymity continued throughout the Title IX process and to date in this litigation. A reasonable inference is that the social media death threats stopped because of confidentiality and anonymity. In other words, it is reasonable to believe that

2

anonymity has done its purpose – protect Plaintiff from the social media death threats and the risk of physical harm.

The Magistrate states that the social media threats are not concerning because there is no evidence the harassers "are persons who are true, direct threats and/or will proceed on such threats." [Dkt. 431 at 5]. Yet, Federal Marshals take social media threats to federal judges seriously and investigate the same. [Dkt. 422 at 4]. The Magistrate provides no explanation how one being harassed by social media threats is to prove that the anonymous persons authoring such social media threats are "true, direct threats and/or will proceed on such threats." This seemingly imposes a near impossible anonymity standard where social media threats are involved.

It is unclear how one can designate evidence that a threat is real and may be acted upon when the Magistrate cites a comment by Justice Sotomayor that harassers "can hide behind anonymity." *Id*. at Footnote 3. If harassers can hide behind anonymity, how could a party ever designate evidence as to who that harasser is, whether the threat is real, or the threat may be acted on? No one can predict when anonymous harassment will turn to physical harm. But the threats of harm and death to Plaintiff should not be dismissed as lacking credibility in this day and age, and they tip the scale in favor of anonymity. Reasonable persons would err on the side of caution when considering death threats made by anonymous persons.

The "aged nature of the threats" does not cast doubt on their import now. Rather, it shows how anonymity can curtail and protect a litigant from harassing threats of harm and the real fear associated with the same. Thus, the aged nature of the threats actually supports continued anonymity. The Magistrate's rational is clearly erroneous. The threats were not based on the merits of Jane Doe's allegation, but were based on an animus toward people who are alleged to

3

have committed rape. Certainly, people who harass others online with death threats that violate the law, are irrational people to begin with, and removing Plaintiff's anonymity will reasonably result in a resurgence of death threats and the risk of physical harm.

The Magistrate next claims that Plaintiff's location weighs against anonymity. [Dkt. at 6]. Plaintiff did *not* move to a new country, and the fact that he is no longer at USI does not make him unlocatable. Removing anonymity puts a target back on Plaintiff because he is publicly disclosed as to his current status. It would take a harasser no time to learn of his current location, and the Magistrate makes no suggestion that Plaintiff would not be easily locatable.

The Magistrate cites the docket entries in this case and then concludes that anyone could put two and two together to ascertain Plaintiff's identity. [Dkt. 431 at 6]. Such holding surmises that because anonymity can never truly provide anonymity, it should be rejected. Yet, the Magistrate never specifies what docket entries "allow any interested person . . . to put two and two together to ascertain Doe's identity." [Dkt. 431 at 6]. The Court cites one harasser's posting of the Change.org petition, and that there has been no recent posting. *Id*. Again, the silence reasonably resulted from confidentiality and anonymity. This harasser has not taken down the petition which leads to a reasonable inference that she would restart her personal hate actions if Plaintiff's identity was disclosed, and the harasser learned of Plaintiff's challenge to the Title IX discipline.

Assessing anonymity depends in part on assessing "what ifs," *i.e.*, things that might occur if anonymity is lifted. As no Judge has a crystal ball, we must deal with reasonable probabilities. One way to assess future harms is to look at the past events relating to the issue. Those past events provide insight into potential future harms from removing anonymity. If people learn that Plaintiff is challenging the Title IX matter, those harassers would likely resurface to express their

hatred and make threats of harm and death without care or concern for the truth. And it cannot be disputed that some social media threats have been acted on. [Dkt. 415 at 3-4]. This reasonable reality tips the balance of harms in favor of anonymity.

Defendants USI, Karen Nutter, and Grand River Solutions designated no evidence of prejudice from continuing anonymity. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) ("To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity").

### 2. The Magistrate failed to consider the facts unique to this case by imposing a bright-line rule.

The Magistrate recites that Plaintiff "argues this case is different from other Title IX cases because of the misconduct he ***argues*** occurred during the Title IX process." [Dkt. 431 at 7]. This is clearly erroneous. This Court is reassessing anonymity post-discovery because of a recent 7th Circuit opinion. Thus, the Court has additional information available to it to determine if this case is exceptional. But the Magistrate clearly erred in calling Plaintiff's presentation of "misconduct" as argument. To the contrary, the facts are undisputed, and Defendants have admitted to (i) concealing exculpatory evidence throughout the Title IX process, (ii) admitting that such exculpatory evidence should have been produced during the Title IX process, (iii) admitting that such exculpatory evidence contradicted Jane Doe's account and would have affected her credibility, and (iv) admitting Jane Doe's testimony that Title IX personnel instructed her to conceal her contradictory statements and reports during the Title IX process. [Dkt. 415 at 6-9

This case is, in fact, unlike any other Title IX case. That is the very definition of exceptional. Thus, the misconduct has been admitted; it is not argument. Plaintiff only seeks

5

anonymity for this case, and he presents no assertion that anonymity is proper in every case where a Title IX determination is challenged. However, the benefit of discovery has disclosed facts further tipping the balance of harms in favor of anonymity. USI's admitted active concealment during the Title IX process, and Defendants continued misconduct during the litigation should not be rewarded and impose further harm on Plaintiff by removing his anonymity when it otherwise would have been preserved had USI advanced a non-discriminatory Title IX process.

The Magistrate holds that anonymity cannot be supported by the confidentiality of a Title IX proceeding because the *Indiana University* and *Loyola University* "have already rejected this argument." [Dkt. 341 at 7]. Neither *Indiana University* nor *Loyola University* imposed a bright-line rule that Title IX confidentiality can never support anonymity. The 7th Circuit stated, "First, although anonymity may be common in Title IX suits, it must be justified in each case." *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024). Although it cited FERPA, the 7th Circuit made no bright-line rule concerning anonymity and Title IX confidentiality. The First Circuit thoroughly considered such argument in light of the history of Title IX and found that Title IX confidentiality could support anonymity. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 75-76 (1st Cir. 2022). The Magistrate's interpretation of *Indiana University* and *Loyola University* as creating a bright line rule precluding Title IX confidentiality as support for anonymity is contrary to law. As a result, the Magistrate clearly erred in failing to consider the Title IX related evidence and confidentiality presented by Plaintiff in support of anonymity.

3. **The Magistrate clearly erred as to Jane Doe's anonymity.**

The Magistrate stated that Plaintiff "makes no mention of whether Jane Doe is entitled to pseudonymity." [Dkt. 341 at 8]. While the Order to Show Cause only ordered Plaintiff to address his anonymity, Plaintiff nonetheless addressed Jane Doe's anonymity in stating:

> Here, Plaintiff did not identify any student by name in the Second Amended Complaint. [Dkt. 196]. He referred to his accuser as "Jane Doe" and other USI student as "roommates" or "student." [Dkt 196]. Thus, Plaintiff has taken steps to preserve the anonymity of Plaintiff's accuser and other students.

[Dkt. 422 at 5]. Thus, the Docket filings in this case evidence that Jane Doe's anonymity has been preserved, and the Magistrate's comment is clearly erroneous.

## CONCLUSION

The Magistrate's Order is clearly erroneous and contrary to law. The Court should vacate the Order [Dkt. 431], further order that Plaintiff may continue to advance the lawsuit with the protection of a pseudonym, and for all other just and proper relief.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

By: */s/ Robert L. Burkart*
Robert L. Burkart #16664-82
Keith W. Vonderahe #21908-82
Matthew S. Koressel #35276-49
20 NW First Street, 9th Floor
Evansville, Indiana 47706-0916
Phone: (812) 424-7575
rburkart@zsws.com
kvonderahe@zsws.com
mkoressel@zsws.com

Attorneys for Plaintiff

7

## CERTIFICATE OF SERVICE

I certify that on June 18, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

William P. Kealey - wpk@stuartlaw.com
Joseph H. Harrison III - jhh@stuartlaw.com
Andrew Bokeno- aj.bokeno@wilsonelser.com
Edward O'Brien - Edward.O'Brien@wilsonelser.com
Timothy V. Hoffman - thoffman@sanchezdh.com
John R. McInerney - JMcInerney@sanchezdh.com

／s／ *Robert L. Burkart*
Robert L. Burkart