UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| KAREN NUTTER, | ) |
| GRAND RIVER SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S USE OF PSEUDONYM**

This matter is before the Court on Plaintiff John Doe's ("John") Objection to Magistrate Judge's Order on Plaintiff's Use of Pseudonym (Filing No. 432). For the reasons stated below, the Objection is **overruled**.

**I.      BACKGROUND**

This case arises from a sexual assault allegation submitted by Jane Doe ("Jane") accusing John of a sexual assault that occurred on November 14, 2020 (Filing No. 196 ¶ 63). On August 4, 2021, the University of Southern Indiana ("USI") conducted a hearing and found John responsible for committing sexual assault. *Id.* ¶ 287. USI imposed sanctions of suspension and Title IX of the Education Amendments Act of 1972 ("Title IX") sexual harassment education following return from suspension, which became final September 22, 2021. *Id.* ¶¶ 283, 286-88, 335. John then initiated this action in state court alleging that USI violated Title IX. *Id.* at 50-52.

Contemporaneously with his state court complaint, John filed a Motion to Proceed Under Pseudonym (Filing No. 1-2 at 63-66). On September 29, 2021, USI removed this case to federal court. Following removal, John filed a second Motion for Leave to Proceed Under Pseudonym

(Filing No. 15). USI did not oppose the Motion (Filing No. 17). On October 8, 2021, then-Magistrate Judge Matthew P. Brookman ("Judge Brookman") granted leave to proceed under pseudonym (Filing No. 18). Judge Brookman did not explain his reasons for allowing John to proceed under pseudonym.

On May 7, 2024 – in the wake of recent Seventh Circuit caselaw – this Court ordered the parties to show cause as to why this case should or should not proceed under pseudonym (Filing No. 408). The parties responded to the Court's Order (*see* Filing No. 414; Filing No. 415; Filing No. 416; Filing No. 420; Filing No. 421; Filing No. 422) and the matter was referred to Magistrate Judge Crystal S. Wildeman for a decision (Filing No. 424).

On June 11, 2024, the Magistrate Judge concluded that John failed to demonstrate "exceptional circumstances" which justify using a pseudonym (Filing No. 431). John was ordered to file a notice with the Court by no later than June 25, 2024, identifying his legal name and his stated intent to continue to proceed with the case or move to dismiss the case. *Id.* On June 18, 2024, John timely filed his pending Rule 72 Objection to the Magistrate Judge's Order, arguing that he should be able to advance the lawsuit with the protection of a pseudonym (Filing No. 432). Defendants USI, Grand River Solutions, Inc. ("GRS"), and Karen Nutter (collectively with GRS, the "GRS Defendants") responded (Filing No. 435; Filing No. 436). On June 28, 2024, John filed his reply (Filing No. 437).

## II.  LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after

being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a)

The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-00956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III.     DISCUSSION

John argues the Magistrate Judge committed clear error when she failed to find a substantial risk of harm or retaliation and failed to consider the facts unique to this case by imposing a bright-line rule (Filing No. 432 at 2-6). He also argues that the Magistrate Judge committed clear error as to Jane's anonymity. *Id.* at 6-7. The Court will address each argument in turn.

**A.     The Magistrate Judge Did Not Commit Clear Error in Finding No Substantial Risk of Harm or Retaliation**

The Seventh Circuit notes that "a substantial risk of harm – either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court – may justify anonymity." *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). John argues that the Magistrate Judge clearly erred when she failed to consider the reasonable inference that the social media threats stopped because of the confidentiality and anonymity, (Filing No. 432 at 2), when she found that his location weighs against anonymity (*id.*

3

at 4), and when she failed to consider the facts unique to this case (*id.* at 5). The Court sees no clear error in any of the Magistrate Judge's findings.

1. **<u>Risk of Harm Evidenced by Social Media Threats</u>**

John argues that he may face physical harm if his true identity is revealed and offers social media messages to support that argument. The Magistrate Judge accurately evaluated the substance of the social media messages and considered the timing and context surrounding the messages (Filing No. 431 at 5-6). The social media messages shared by John come from anonymous Instagram accounts and present concerning language, including, but not limited to, wishes of death upon John and his mother (*see* Filing No. 67-1). Each Instagram message was sent to John's Instagram account in 2021. John also offers an online petition on Change.org, started March 23, 2021 titled "USI, hold Rapists Accountable" which does not mention John by name, but refers to him by identifiers. (*See* Filing No. 415 at 3 n.1). The petition updates supporters signing it three years ago. *Id*.

John contends that the social media threats stopped because during the Title IX process USI advised the parties as to the confidentiality of the process and noted that certain disclosure would result in discipline, up to expulsion. Holding John's contention to be true, this presumably means the social media threats would have resumed after the conclusion of the investigation or after all involved students had graduated from USI. Yet, John has presented no argument or evidence of threats made after 2021. Additionally, as GRS Defendants pointed out, USI's advisement only applied to the parties of the Title IX investigation and therefore the authors of the social media messages were never bound by the anonymity of the proceedings.

USI argues that John's argument is flawed because "[t]here is no evidence in the record to show that [John's] identity is unknown". (Filing No. 435 at 3.) The Court agrees. Both the social

media messages and Change.org petition (*see* Filing No. 415 at 3 n.1) indirectly refer to John. It appears that the authors of the social media messages and some individuals who signed created/signed the petition knew of John's identity at the time they posted the messages. If John's identity was known then, it is known now, and the messages could have resumed at any point. As the Magistrate Judge stated, "there is no evidence to suggest that [the social media threats] are related to whether he proceeds anonymously." (Filing No. 431 at 6.)

Nevertheless, the Court does not make a determination of anonymity based on speculation, but rather on the facts given in each case. John has presented no facts that demonstrate these social media threats will resume if his name is attached to the suit.

2.     **John's Physical Location**

John also argues that the Magistrate Judge erred in finding that his location weighs against anonymity. The Magistrate Judge found that because John no longer resides on USI's campus and does not intend to return, his location mitigates against threats. In his Objection, John emphasizes that he "did ***not*** move to a new country, and the fact that he is no longer at USI does not make him unlocatable" (*see* Filing No. 432 at 4) (emphasis in original). But whether John moved to another country, or not, was not a consideration of the Magistrate Judge. The Magistrate Judge simply stated that John "lives in *another part* of the country, a substantial distance from the university" (Filing No. 431 at 6) (emphasis added). *See* Filing No. 341-11 at 10:2-11 (John testifying that he resides in Georgia). The Magistrate Judge did not make any error in taking notice of the fact John moved to a different state within the United States.

Still, John contends that although he is no longer located on USI's campus, he is not unlocatable, and that removing anonymity puts a target back on him (Filing No. 432 at 4). Neither *Doe v. Trustees of Indiana Univ.* or *Doe v. Loyola Univ. Chicago*, hold that pseudonym status

5

should be used to make a party "unlocatable" but rather, it should be used in limited instances when justified.  101 F.4th 485 (7th Cir. 2024); 100 F.4th 910 (7th Cir. 2024).  John has designated no evidence that his location is unknown to the public or that anyone has harmed him physically when he resided on USI's campus or at his new place of residence.

**B.** **The Magistrate Judge Did Not Commit Clear Error when Holding the Nature of Title IX Proceedings is not Basis for Pseudonymity.**

John argues the Magistrate Judge failed to consider the facts unique to this case and "clearly erred in calling [John's] presentation of 'misconduct' [] argument." (Filing No. 432 at 5.)  John's "presentation of misconduct" is his summary judgment argument that he frames as evidence supporting anonymity.  John maintains that his Title IX case is "exceptional based, in part, on USI's admitted active concealment of exculpatory evidence during the Title IX process, USI's directive to Jane Doe to conceal her contradictory statements/reports, and USI's litigation coverup and continuing fraud on the Court as to its false Pre-Hearing Policy Amendment defense." (Filing No. 437 at 3).[1]  As evidenced by the voluminous summary judgment briefing, these facts are not undisputed as John claims (*see* Filing No. 432 at 5).  Moreover, to the extent John argues the Magistrate Judge should have considered the purported exculpatory evidence, he failed to cite that material in his Objection.  Just as the Court is not required to scour the record for evidence, the Magistrate Judge is not required to scour the docket for evidence that leans in John's favor.

The Seventh Circuit has clearly held that the confidentiality of an underlying Title IX proceeding is immaterial to the question of whether a Title IX private right of action can proceed under pseudonym in federal court.  *See Loyola Univ. Chicago*, 100 F.4th at 913 ("Title IX does not

---

[1] John also argues that because USI failed to respond to his designated evidence and argument it is a concession (Filing No. 437 at 3).  There was no designated evidence in John's Objection as it relates to USI's "active concealment of exculpatory evidence" or "USI's directive to Jane Doe to conceal her contradictory statements/reports" (*see* Filing No. 432).  Therefore, USI had nothing to respond to.

6

create an easement across the norm of using litigants' names.") (international quotations omitted); *Trustees of Indiana Univ.*, 101 F.4th at 491 ("The norm in federal litigation is that all parties' names are public). The Court must find that John "is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Trustees of Indiana Univ.*, 101 F.4th at 493. The Magistrate Judge considered possible justifications of anonymity, and none weighed in John's favor.

C. **The Magistrate Judge Did Not Commit Clear Error as to Jane Doe's Anonymity**

John objects to the Magistrate Judge's comment that he "makes no mention of whether [Jane] is entitled to pseudonymity." (Filing No. 432 at 7.) John argues that he addressed Jane's anonymity in stating: "[h]ere, Plaintiff did not identify any student by name in the Second Amended Complaint. [Dkt. 196]. He referred to his accuser as "[Jane]" and other USI student[s] as "roommates" or "student." [Dkt 196]. Thus, Plaintiff has taken steps to preserve the anonymity of Plaintiff's accuser and other students." *Id.* Although John discusses Jane's anonymity as support that *he* has not waived anonymity, this is not the same as discussing whether Jane is entitled to pseudonymity. The Magistrate Judge correctly found that Jane's pseudonymity was not the focus of the parties' briefing. The Magistrate Judge also stated that the analysis contained within her Order "does not apply equally to [Jane] and [Jane] may have concerns which differ from those of [John] that have not been articulated to the Court." (Filing No. 431 at 8.) Accordingly, the Magistrate Judge held that her Order does not resolve the issue of Jane's pseudonymity. John does not appear to dispute this portion of the Magistrate Judge's Order.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Objection to Magistrate Judge's Order on Plaintiff's Use of Pseudonym (Filing No. 432) is **OVERRULED** and the Court **AFFIRMS** the Magistrate Judge's Order.

7

In a separate filing requesting a stay of the Magistrate Judges order pending final determination of pseudonym, John points out that "[t]he 7th Circuit has held that an order on anonymity may be appealed as a matter of right. *Doe v. Vill. of Deerfield*, 819 F. 3d 372, 374 (7th Cir. 2016)." (Filing No. 433 at 2). John states that if the Court denies his objection and affirms the Magistrate Judges Order, he intends to appeal the issue to the 7th Circuit. *Id*. Accordingly, John is hereby **ORDERED** to (1) file a notice with the Court by no later than **Friday, July 19, 2024**, identifying his legal name and his stated intent to continue to proceed with this case in his legal name, and the Court will update the caption in the matter accordingly with a directive that the caption be so amended on all filings going forward; or (2) alternatively, by no later than **Friday, July 19, 2024**, John may move to dismiss his case under Federal Rule of Civil Procedure 41(a)(2); or (3) by no later than **Friday, July 19, 2024,** John may file a Notice of Appeal. If a Notice of Appeal is filed by this deadline, the Court intends to grant the **stay** requested in Filing No. 433.

**SO ORDERED.**

Date: 7/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

8

Joseph Heavrin Harrison, III
STUART & BRANIGIN
jhh@stuartlaw.com

William P. Kealey
STUART & BRANIGIN LLP
wpk@stuartlaw.com

Aj Bokeno
WILSON ELSER
aj.bokeno@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com