UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| KAREN NUTTER, | ) |
| GRAND RIVER SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY MAGISTRATE'S ORDER PENDING FINAL DETERMINATION OF PSEUDONYM**

This matter is before the Court on Plaintiff John Doe's ("John") Motion to Stay Magistrate's Order Pending Final Determination of Pseudonym (Filing No. 433). For the reasons stated below, John's Motion is **granted**.

### I.  BACKGROUND

This case arises out of a sexual assault allegation that occurred on the University of Southern Indiana's ("USI") campus, submitted by Jane Doe against John. USI found John responsible and imposed a suspension, which became final on September 22, 2021. John initiated this action in state court (Filing No. 1-1). Contemporaneously with his state court complaint, John filed a Motion to Proceed Under Pseudonym (Filing No. 1-2 at 63-66).

On September 29, 2021, USI removed this case to federal court. Following removal, John filed a Motion for Leave to Proceed Under Pseudonym (Filing No. 15). John stated several factors considered by the Southern District of Indiana favored his use of a pseudonym. *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017). USI did not oppose the Motion (Filing No.

17). On October 8, 2021, then-Magistrate Judge Brookman granted leave to proceed under pseudonym (Filing No. 18).

In light of recent Seventh Circuit decisions, the Court ordered to parties to show cause, explaining why this case should or should not proceed under pseudonym (Filing No. 408). *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491-93 (7th Cir. 2024); *see also Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024). The parties briefed the matter (Filing No. 415; Filing No. 416; Filing No. 418) and it was referred to Magistrate Judge Wildeman for a decision.

On June 11, 2024, the Magistrate Judge found that John "failed to demonstrate 'exceptional circumstances' which justify using a pseudonym" and required him to "continue his suit without the protection of a pseudonym, or, alternatively, to dismiss his case." (Filing No. 431 at 8.) John was required to file a notice with the Court no later than June 25, 2024, identifying his legal name and stated intent to continue or move to dismiss the case. *Id.* at 8-9. On June 18, 2024, John filed an Objection to the Magistrate's Order (Filing No. 432) and contemporaneously filed the instant motion for stay.

## II.     LEGAL STANDARD

Different rules of procedure govern requests for stays pending appeal. *See* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a). Under both rules, however, courts consider the same four factors when determining whether to issue a stay pending review: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### III.  DISCUSSION

John moves the Court to stay the Magistrate Judge's Order on his use of a pseudonym pending a final determination of pseudonym applicability (Filing No. 433 at 1).  John briefly describes the reasons why he should be granted a stay of the Magistrate Judge's Order. Defendants USI, Karen Nutter, and Grand River Solutions (collectively, "Defendants") did not file any response to John's Motion.[1]

John does not address whether he is likely to succeed on the merits but rather candidly informs the Court that if his Objection is denied, and the Magistrate Judge's Order is affirmed, he intends to appeal the issue to the Seventh Circuit (Filing No. 433 ¶ 10).  *See Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016) (holding that "denials of motions for leave to proceed anonymously are immediately appealable because they meet the three elements of the collateral order doctrine").  Because John fails to provide argument regarding whether he is likely to succeed on appeal, this factor weighs against a stay.

John argues that he will be prejudiced absent a stay because he would have to "disclose or dismiss prior to a final determination per applicable law."  (Filing No. 433 ¶ 12.)  He contends that disclosing his name prior to a ruling from the Seventh Circuit would prejudice him because once his name is disclosed on the court docket it is public record and any harm that ensues cannot be reversed.  For this reason, this factor weighs strongly in John's favor.

John also argues that staying the Order pending a final determination will not prejudice Defendants because he has proceeded under pseudonym since the filing of his original complaint

---

[1] On June 25, 2024, Defendants responded to John's Objection to Magistrate's Order (Filing No. 432). *See* Filing No. 435; Filing No. 436. Neither response addresses the factors a court should consider when deciding whether to issue a stay. More specifically, the word "stay" is not in either of the Defendants' responses. *See generally id.*  Even assuming the parties believed the expedited briefing order (Filing No. 434) only applied to the Objection, the date to file a response has passed.  *See* S.D. Ind. L.R. 7-1(3)(a) ("Any response is due within 14 days after service of the motion).

3

on September 24, 2021. The fact that John has proceeded under pseudonym thus far does not mean that Defendants will not be prejudiced by the continued use of pseudonym, especially considering the upcoming trial date of September 9, 2024. However, Defendants fail to make this argument, or any argument related to whether the issuance of a stay of the Magistrate Judge's Order would substantially injure them.[2] Defendants' failure to present argument to the Court results in waiver of that argument. *See MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 659 (7th Cir. 2011). Accordingly, this factor weighs in John's favor.

Like the first factor, John fails to discuss where the public interest lies. The norm in federal litigation is that all parties' names are public, and they have an interest in knowing the who and the how of the behavior of both judges and those who use the legal system. *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). *See also Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022) ("the public's interest in the longstanding notion of openness of federal proceedings would be hampered by allowing Plaintiff to use a fictitious name"). By issuing a stay and continuing to allow John to proceed under pseudonym, the public's interest would be disregarded. This factor weighs against issuing a stay.

However, one last consideration the Court must make is whether there would be any prejudice to the judicial system as a whole. *United States v. Indiana Univ. Health Inc.*, No. 1:13-cv-02009-TWP, 2015 WL 3961221, at *6 (S.D. Ind. June 30, 2015). Should the Court decide not to issue a stay, the prejudice to the judicial system and its purpose would be significant. As discussed in *Doe v. Village of Deerfield*, requiring a party to litigate a case utilizing their true names prior to appellate review of a district court order would have no legal or practical value. 819 F.3d

---

[2] Throughout separate briefings related to the issue of pseudonymity, Defendants argue multiple reasons why John should not proceed under pseudonym but fail to address how they will be prejudiced *if* John is allowed to proceed under pseudonym. *See generally* Filing No. 414; Filing No. 415; Filing No. 435; Filing No. 436).

at 376. Alternatively, if a stay is not issued and John decides to dismiss the case, this issue before the Seventh Circuit would be moot. *Id.* For these two reasons, the issuance of a stay is appropriate.

In a separate Order, the Court affirmed the Magistrate Judge's Order and gave John three options to proceed: John was **ORDERED** to (1) file a notice with the Court by no later than **Friday, July 19, 2024**, identifying his legal name and his stated intent to continue to proceed with this case in his legal name, and the Court will update the caption in the matter accordingly with a directive that the caption be so amended on all filings going forward; or (2) alternatively, by no later than **Friday, July 19, 2024**, move to dismiss his case under Federal Rule of Civil Procedure 41(a)(2); or (3) by no later than **Friday, July 19, 2024,** file a Notice of Appeal of the Magistrate Judges Order in Filing No. 431. On July 18, 2024, John filed a Notice of Appeal. (Dkt. 441), accordingly, his Motion is **granted**.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** John's Motion to Stay Magistrate's Order Pending Final Determination of Pseudonym (Filing No. 433). Having affirmed the Magistrate Judge's Order and John having filed a Notice of Appeal, it is therefore **ORDERED** that the Magistrate Judge's Order (Filing No. 431) is hereby **stayed** pending a final determination of pseudonym. All other matters in this case will proceed.

**SO ORDERED.**

Date: 7/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

William P. Kealey
STUART & BRANIGIN LLP
wpk@stuartlaw.com

Aj Bokeno
WILSON ELSER
aj.bokeno@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com