**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

JOHN DOE,                                      )
                                               )
             Plaintiff,                   )
                                               )
             v.                           )      Case No. 3:21-cv-00144-TWP-CSW
                                               )
UNIVERSITY OF SOUTHERN INDIANA,                )
                                               )
             Defendant.                   )

## ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

This matter is before the Court on Plaintiff John Doe's ("John") Objection to Magistrate Judge's Order on Plaintiff's Motion to Compel (Filing No. 392). John initiated this action against Defendant University of Southern Indiana ("USI") alleging violations of Title IX of the Education Amendments Act of 1972 on the basis of John's gender. The parties have engaged in significant discovery and discovery disputes, including John's Motion to Compel and for Sanctions as to USI (Filing No. 352), which was granted in part and denied in part by the Magistrate Judge (Filing No. 384). John objects to the Magistrate Judge's denial to sanction USI, denial of attorney's fees to John in bringing the Motion to Compel, and denial of access to documents in USI's privilege log. For the reasons stated below, the Objection is **overruled**.

### I.      PROCEDURAL BACKGROUND

John originally filed this action against USI in Vanderburgh Circuit Court on September 24, 2021, and USI removed this case to federal court on September 29, 2021 (Filing No. 1). He filed this action following an investigation and Title IX hearing regarding a complaint from Jane Doe alleging that John sexually assaulted her while they were both students at USI (Filing No. 196). The Title IX committee found John responsible for committing sexual assault on August 25, 2021, and the Appeal Officer affirmed the finding on September 22, 2021. *Id.* ¶¶ 287, 335).

John filed a Motion for Preliminary Injunction on October 20, 2021, seeking the Court to enjoin USI from enforcing their decision and sanctions from the investigation and Title IX hearing (Filing No. 33). The Court denied the Motion on May 10, 2022 (Filing No. 133). John appealed the decision to the Seventh Circuit, which affirmed the decision on August 8, 2022.

Discovery was originally due February 15, 2023 (Filing No. 164). That deadline was extended to June 23, 2023 (Filing No. 177). Discovery conferences were held on November 12, 2021 (Filing No. 77), February 27, 2023 (Filing No. 187), April 17, 2023 (Filing No. 201), September 28, 2023 (Filing No. 290), October 26, 2023 (Filing No. 299), and November 17, 2023 (Filing No. 325). The non-expert discovery due date was amended to October 12, 2023 (Filing No. 223).

On October 27, 2023, the Magistrate Judge gave the parties until December 1, 2023, to conduct and complete a deposition of USI pursuant to Federal Rule of Civil Procedure 30(b)(6) (Filing No. 309). On November 14, 2023, USI filed a Motion to Quash John's Fed. R. Civ. P. 30(b)(6) deposition subpoena for undue burden because of scheduling issues (Filing No. 322). The Magistrate Judge denied the Motion as moot when it rescheduled the deposition for December 1, 2023, at 9:00 a.m. (Filing No. 325). On December 1, 2023, USI's 30(b)(6) deposition resumed and USI's corporate designee, Aaron Trump ("Trump") testified on the related topics (Filing No. 341-2).

John also filed a Motion to Compel against Defendant Grand River Solutions ("GRS") to provide two emails listed on their privilege log (Filing No. 326). That Motion was granted in part and GRS was ordered to provide those two emails (Filing No. 347). John then filed a Motion to Compel and for Sanctions as to USI (Filing No. 352). The Magistrate Judge's decision regarding that Motion (Filing No. 384) is the subject of John's objection currently before the Court.

Trial in this case is set to begin on Tuesday, September 17, 2024, with a final pretrial conference set for Wednesday, August 14, 2024 (Filing No. 257).  Motions for Summary Judgment are fully briefed and pending before the Court (Filing No. 314; Filing No. 317; Filing No. 329).

## II.    LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a).  Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law.  The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

The federal discovery rules are liberally construed.  *Spier v. Home Ins. Co.*, 404 F.2d 896, 899 (7th Cir. 1968).  "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.  Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) (internal citation omitted).  Magistrate judges

(and district judges) "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

### III.   DISCUSSION

John specifically objects to three of the Magistrate Judge's rulings: 1) the denial to sanction USI under Fed. R. Civ. P. 37(b) in relation to the 30(b)(6) deposition; 2) the denial of the request for USI to produce emails between July 26, 2021, and August 25, 2021 (the "Withheld Emails") because of alleged waiver of attorney-client privilege; and 3) the denial of attorney's fees. The Court will address each objection in turn.

### A.   The Magistrate Judge Did Not Commit Clear Error in Denying Sanctions under Rule 37(b)

Federal Rule of Civil Procedure 37(b) is predicated on an order from the court following a motion under Rule 37(a), as held in *Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019). Rule 37(a) guides orders compelling disclosure or discovery. Fed. R. Civ. Pro 37(a). An order setting a date for deposition or close of discovery is not the same as any one of these motions, particularly not a motion to compel. *Evans*, 932 F.3d at 1046 (differentiating orders for the purpose of case-management and scheduling from those requiring compliance with particular discovery requests). John argues that the Magistrate Judge clearly erred when she held that sanctions are limited to an order issued under Federal Rule of Civil Procedure 37(a) (Filing No. 392 at 3).

The Court's order in regard to the deposition, as correctly quoted by John, states that "[p]arties shall conduct the Rule 30(b)(6) deposition of [] USI on December 1, 2023, at 9 a.m. Evansville time (CST), on USI's campus." (Filing No. 392 at 2; Filing No. 325 at 2) (emphasis omitted). This is the only order given by the Court related to the 30(b)(6) depositions, and USI complied when their 30(b)(6) designee, Trump, attended the deposition as ordered.

4

Although other rules can be the source of sanctions under Rule 37(b), the Magistrate Judge's holding that Rule 37(b) sanctions are not appropriate without an order issued pursuant to Rule 37(a) is not clear error. Rule 37(b)(2) also allows sanctions for failure to obey discovery orders under Rule 26(f) and Rule 35. Fed. R. Civ. P. 37(b)(2). These rules deal with discovery planning and physical and mental examinations. Fed. R. Civ. P. 26(f); Fed. R. Civ. P. 35. As held in *Evans*, Rule 37(b) *is* predicated upon orders following Rule 37(a) motions, which are motions to compel disclosure or discovery, as Rule 37(b) provides for sanctions related to failure to obey discovery orders.

The order given here is one scheduling the deposition of USI, albeit for the second time. It is not comparable to an order compelling disclosure or discovery. There was no order given by the Court under Rule 37(a), or any other rule, to justify the application of Rule 37(b). As cited in John's objection, *Evans* held that the objecting party "skipped the essential first step of this process, instead immediately seeking sanctions" when the opposing party did not participate in a deposition when not served with proper notice. 932 F.3d at 1046. A motion to compel disclosure or discovery must be filed, and "[o]nly if (and to the extent) the [C]ourt grants that order, and then the person subject to the order fails to comply with it, may the party seeking discovery move on to Rule 37(b) and ask for sanctions." *Id.* John has done essentially the same thing here. The Court ordered the date for the 30(b)(6) deposition and USI and Trump complied with that order when they were present and participated in the deposition. John then sought sanctions. John's issue seems to be with the answers provided rather than USI's compliance with the Court's order, for which there are no sanctions available.

Further, even if Rule 37(b) were applied as impermissibly broad as John requests, there has not been a court order that USI failed to comply with. "Fed. R. Civ. P. Rule 37(b) provides

comprehensively for sanctions for *failure to obey discovery orders*." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983) (emphasis added).  In *Stevens*, while there was no discovery order from the court, the party set to be deposed actively chose not to take part in the deposition.  That is not the case here.  Trump was at the deposition and willingly answered questions.  USI has not failed to obey any discovery orders.  Even if this were equivalent to a motion to compel discovery or disclosure, which it is not, USI and Trump were compliant.  As USI has not failed to obey any discovery order, Rule 37(b) is inapplicable.

The Magistrate Judge did not misapply any case law or rules of procedure.  On the contrary, the Magistrate Judge followed the precedent set by the 7th Circuit in *Evans* and *Stevens* and followed Federal Rule of Civil Procedure 37(b).

## B.   The Magistrate Judge Did Not Commit Clear Error in Finding that there was no Privilege

Federal Rule of Evidence 502 guides the question of waiver.  Waiving attorney-client privilege requires that "(1) the waiver is intentional; (2) the disclosed and undisclosed communication or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502.  There is no dispute that the Withheld Emails concern the same subject matter as the disclosed information.  John takes issue with the Magistrate Judge's ruling that he failed to demonstrate the requisite intentional waiver or that the additional emails in fairness ought to be considered together.

John's Objection restates his arguments from his initial Motion to Compel (Filing No. 352). The only arguments made regarding intentional waiver are alleged disclosure to a non-agent and Beth Devonshire ("Devonshire") and Trump's depositions relating to those topics.  The non-agent USI allegedly disclosed privileged communications to was Karen Nutter ("Nutter"), an employee of GRS designated to conduct the hearing involving John.  USI has stated that both GRS and Nutter

"are the agent of USI in connection with the *sub judice* matter." ([Filing No. 337 at 1](#).)   The deposition testimony of Devonshire and Trump referred to by John contains only the people involved with the Title IX hearing and the general topic asked by John's counsel.  This is the same information as that found in the Privilege Log.  There was no testimony disclosing what exactly was in the privileged communications.  There were no disclosures by USI of the Withheld Emails to any non-privileged party.  There was no clear error in the Magistrate Judge's decision that John failed to prove the same.

John similarly fails to prove that the disclosed and undisclosed information should in fairness be considered together.  "Determining whether the undisclosed material ought to be considered with the disclosed material requires a case-specific analysis of the subject matter and adversaries." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012).  The subject matter here is the Pre-Hearing Policy Amendments, and the adversaries are John and USI.  The disclosed information, the two emails ordered by the Court to be produced by GRS, are because of their connection to Nutter and her testimony that she did not seek legal advice.  The remaining Withheld Emails do not appear to be connected to Nutter or to the topic of the "Charge letter" as were both of the disclosed emails. ([Filing No. 334-1 at 4-5](#)).  John did not challenge the only other "Charge letter" email with Nutter ([Filing No. 334-2 at 3](#)). USI contends that the Policy is immaterial, and they have no intention of using it or the contents of the email for argument or judgment purposes.  John is unable to dispute that point.  The Court finds no sensible reason that fairness requires the disclosed emails and Withheld Emails to be considered together, and John does not provide one.

The Magistrate Judge correctly applied Federal Rule of Evidence 502 and her conclusions are not clear error or contrary to law.

C.     **The Magistrate Judge's Decision to Deny Fees was not Clearly Erroneous**

Finally, John objects to the Magistrate Judge's denial of fees and argues that if the Court sets aside the Magistrate Judge's order on those issues, it should also set aside the order denying fees. Since the Court finds that the Magistrate Judge's decisions regarding the 30(b)(6) deposition and the Withheld Emails were not clearly erroneous or contrary to law, John's objection to the denial of fees is subsequently overruled. Both John's and USI's fee requests remain **denied**.

IV.     **CONCLUSION**

For the foregoing reasons, John's Objection to Magistrate Judge's Order on Plaintiff's Motion to Compel (Filing No. 392) is **OVERRULED** and the Court **AFFIRMS** the Magistrate Judge's Order (Filing No. 384).

**SO ORDERED.**

Date: 7/29/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

William P. Kealey
STUART & BRANIGIN LLP
wpk@stuartlaw.com

Aj Bokeno
WILSON ELSER
aj.bokeno@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com