UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00144-TWP-CSW |
| | ) |
| UNIVERSITY OF SOUTHERN INDIANA, | ) |
| KAREN NUTTER, | ) |
| GRAND RIVER SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO STAY PENDING APPEAL**

This matter is before the Court on Plaintiff John Doe's ("John") Motion to Stay Pending Appeal (Filing No. 454). On July 30, 2024, Defendants University of Southern Indiana ("USI"), Karen Nutter ("Nutter"), and Grand River Solutions, Inc., (collectively the "Grand River Defendants") (together, "Defendants"), filed their response (Filing No. 459). For the reasons stated below, John's Motion is **denied**.

I. **BACKGROUND**

To put it mildly, this dispute has been zealously litigated by both sides. The case has been pending since 2021 and has an extensive procedural and factual background. This background section is not intended to provide a comprehensive explanation of the facts but, rather, discuss only those relevant to the motion before us.

Jane Doe ("Jane") submitted a sexual assault allegation accusing John of a sexual assault that occurred on November 14, 2020 (Filing No. 196 ¶ 63). USI conducted a hearing and found John responsible for committing sexual assault. *Id.* ¶ 287. USI imposed sanctions of suspension and Title IX of the Education Amendments Act of 1972 (Title IX") sexual harassment education

following return from suspension, which became final September 22, 2021. *Id.* ¶¶ 283, 268-88, 335. John then initiated this action in state court alleging that USI violated Title IX. *Id.* at 50-52.

On September 29, 2021, USI removed this case to federal court. Following removal, John filed a Motion for Leave to Proceed Under Pseudonym (Filing No. 15). On October 8, 2021, then Magistrate Judge Matthew P. Brookman granted leave to proceed under pseudonym (Filing No. 18).

On May 7, 2024 – in the wake of recent Seventh Circuit caselaw – this Court ordered the parties to show cause as to why this case should or should not proceed under pseudonym (Filing No. 408). The parties responded to the Court's Order, (*see* Filing No. 414; Filing No. 415; Filing No. 416; Filing No. 420; Filing No. 421; Filing No. 422), and the matter was referred to Magistrate Judge Crystal S. Wildeman for a decision (Filing No. 424). On June 11, 2024, the Magistrate Judge concluded that John failed to demonstrate "exceptional circumstances" which justify using a pseudonym (Filing No. 431). John was ordered to file a notice with the Court by no later than June 25, 2024, identifying his legal name and his stated intent to continue to proceed with the case or move to dismiss the case. *Id.* On June 18, 2024, John timely filed a Rule 72 Objection to the Magistrate Judge's Order (Filing No. 432) and contemporaneously filed a motion for stay of the decision (Filing No. 433).

On July 11, 2024, John's Objection to the Magistrate Judge's Order on Plaintiff's Use of Pseudonym was overruled and the Court affirmed the Magistrate Judge's Order (Filing No. 440). John was ordered to (1) file a notice with the Court by no later than Friday, July 19, 2024, identifying his legal name and his stated intent to continue to proceed with this case in his legal name; or (2) alternatively, by no later than Friday, July 19, 2024, move to dismiss his case under

2

Federal Rule of Civil Procedure 41(a)(2); or (3) by no later than Friday, July 19, 2024, file a Notice of Appeal of the Magistrate Judge's Order in Filing No. 431.

On July 18, 2024, John filed a Notice of Appeal to the Seventh Circuit Court of Appeals as to the Court's Order denying pseudonymity (Filing No. 441). Having affirmed the Magistrate Judge's Order and John having filed his Notice of Appeal, the Court granted John's Motion to Stay pending a final determination of pseudonym (Filing No. 443). All other matters in this case proceeded.

On July 23, 2024, the Court granted USI's Motion to Dismiss John's Title IX Injunctive Relief Claim for Lack of Standing (Filing No. 448). The claims remaining are Count I: Violation of Title IX against USI for damages only, Count II: Claims under 42 U.S.C. § 1983 against Nutter; and Count III: Intentional Infliction of Emotional Distress against the Grand River Defendants. On July 29, 2024, John filed a Notice of Appeal as a matter of right (Filing No. 450). *See Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 812 (7th Cir. 2018) ("[A]n order denying injunctive relief is immediately appealable even though a request for damages remains pending.").

On July 31, 2024, the Court granted the Defendants' Joint Motion to vacate the August 14, 2024, pretrial conference, and September 17, 2024 jury trial, pending a decision on the Seventh Circuit appeal relating to the use a pseudonym. (Filing No. 464.)

On July 30, 2024, John filed the instant Motion asking the Court to stay the September 17, 2024 trial and the case, pending a resolution of the currently filed appeals. (Filing No. 454). Still pending in this case are Defendants' Motions for Summary Judgment (Filing No. 314; Filing No. 317), John's Cross-Motion for Summary Judgment (Filing No. 329), John's Motion to Strike (Filing No. 372), and Defendants' Motions to Exclude (Filing No. 381; Filing No. 382).

## II.     LEGAL STANDARD

"The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." *A&F Enters., Inc. II v. IHOP Franchising LLC*, 742 F.3d 763, 766 (7th Cir. 2014). Courts consider the same four factors when determining whether to issue a stay pending review: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The purpose of a stay pending appeal "is to minimize the costs of error." *A&F Enters., Inc. II*, 742 F.3d at 766.

## III.     DISCUSSION

John moves the Court to stay the trial and the case pending resolution of his appeals. John argues that he should be granted a stay to avoid prejudice to him, to ensure a fair and efficient trial, and to avoid any secondary trial as to injunctive relief that could result from a decision on his appeal (Filing No. 454 at 1). Defendants do not object to John's request to stay the trial but are silent as to whether this Court should stay the case in its entirety (Filing No. 458; Filing No. 459).

John's request to continue the trial has already been granted (*see* Filing No. 464). The Court agrees that vacating the September 17, 2024 trial date is appropriate and warranted to preserve time and resources. The Court, however, does not agree that a stay of this case is appropriate or necessary. As noted above, to obtain a stay pending an appeal John must show a likelihood of success on the merits, an irreparable harm that will result if the stay is denied in error, that issuance of a stay would harm Defendants, and that the public interest favors John. John's Motion does not address any of the factors considered by the court when deciding whether or not to grant a stay (*see generally* Filing No. 454). Defendants also fail to address the considered factors.

The Court begins its analysis by assessing John's likelihood of success in this case. By affirming the Magistrate's Order denying pseudonymity and granting Defendants' Motion to Dismiss the injunctive relief claim, the Court has already expressed its view that it believes John does not have a reasonable likelihood of success on the merits of these two issues. Nonetheless, the present motion puts the Court in the unique situation of assessing the likelihood that its decision denying pseudonymity and dismissing John's injunctive relief claim was wrong and will be reversed on appeal. Because John fails to provide argument regarding whether he is likely to succeed on appeal this factor weighs against a stay.

Next, because the Court has already stayed the trial, there is no risk of irreparable injury to John if the case proceeds. Still before the Court are summary judgment motions which both parties would benefit from receiving rulings. John's pending appeals are immaterial to the merits of the remaining claims. For this reason, this factor weighs strongly against a stay.

Regarding harm to Defendants, the Court believes this factor is neutral. The Defendants would not be substantially harmed if the case was stayed nor if the case proceeded.

Lastly, there is a public interest in judicial economy and preventing prolonged proceedings. Continuing the case and allowing the Court to rule on the summary judgment motions will simplify the issues in the case and streamline the case for trial. The Court has an interest in clearing its docket. *Barton v. Galella*, No. 2:21-cv-00319-JRS-MG, 2023 WL 3436102, at *2 (S.D. Ind. May 12, 2023). This factor weighs against issuing a stay.

John has not met his burden to obtain a stay of the case during the pendency of his appeals. He has not shown a likelihood of success on the merits or an irreparable harm in the absence of a stay. Therefore, the Court **denies** John's Motion to Stay the case pending resolution of the currently filed appeals.

## IV. CONCLUSION

For the reasons stated above, John's Motion to Stay Pending Appeal (Filing No. 454) is **DENIED**. His request to stay the trial is **denied as moot** because in the Court's previous Order, the August 14, 2024, final pretrial conference, and September 17, 2024 jury trial date, and all related deadlines were **VACATED** and the trial was **STAYED** pending resolution of Plaintiff's pending Seventh Circuit appeals (*see* Filing No. 464). John's request to stay the case is **denied** and all other matters in this case **will proceed**.

**SO ORDERED.**

Date: 8/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Kirstie E. Klutzke
STUART & BRANIGIN
kek@stuartlaw.com

William P. Kealey
STUART & BRANIGIN LLP
wpk@stuartlaw.com

Aj Bokeno
WILSON ELSER
aj.bokeno@wilsonelser.com

Edward M. O'Brien
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
edward.obrien@wilsonelser.com